The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown* (1989), 65 Ohio App.3d 322.]

Court of Appeals of Ohio,
Portage County.

No. 1928.

Decided Nov. 20, 1989.

*David W. Morris*, Prosecuting Attorney, for appellee.

*Edmond F. Bowers*, for appellant.

CHRISTLEY, Presiding Judge.

This is an appeal from the Portage County Common Pleas Court. Appellant, Robert Eugene Brown, was indicted on a charge of intimidation of a witness in violation of R.C. 2921.04 with specifications pursuant to R.C. 2941.143.

Appellant pled not guilty. On October 30, 1987, appellant moved to have the court, rather than the jury, determine the existence of the specification. The court granted this motion.

During the trial, the prosecutor, without objection from appellant's counsel, questioned appellant in regard to appellant's prior convictions. The appellant responded he had been convicted of felonious assault and receiving stolen property. After further questioning by the prosecutor, the appellant indicated that his conviction had been for assault rather than felonious assault, and he also indicated that he had been convicted of driving a motor vehicle under the influence of alcohol. Further questioning revealed that there had been a conviction for sexual imposition. When the prosecutor initially asked the appellant if he had prior convictions, the court intervened with the following instruction:

"THE COURT: Ladies and gentlemen there should be a limiting instruction. The purpose of the testimony is to show convictions of crimes for you to determine what weight you will give to the testimony of this witness, and cannot be considered to have—whether it has any bearing on the guilt or innocence of the crime charged in this particular matter. Only for you to determine the creditability of the witness."

Prior to the admission of State Exhibit No. 3 (the journal entry reflecting the trial conviction and sentencing on the sexual imposition charge), the judge again intervened with the following instruction:

"THE COURT: Ladies and gentlemen, as I told you before, the prior conviction is allowed only for the purpose of testing—for you to test the credibility of the witness and what weight should be given to the witness' testimony and for no other purpose."

In the jury instructions, the judge gave the standard instruction concerning prior criminal acts, to wit:

"There had been testimony introduced tending to prove that this defendant was convicted of other criminal acts. This testimony may be considered for the purpose of helping you to test the credibility or the weight to be given to his testimony and it cannot be considered for any other purpose."

Appellant was found guilty and was sentenced to two to ten years' imprisonment to run concurrently with appellant's sentence in a prior conviction for aggravated burglary. Judgment was entered on November 24, 1987 and appellant timely filed a notice of appeal on December 21, 1987. The state has not filed an appellate brief.

Appellant assigned the following assignments of error:

"1. The trial court erred in allowing the prosecutor to cross-examine appellant concerning appellant's prior misdemeanor convictions.

"2. Appellant was denied effective assistance of counsel in violation fo [*sic*] the Sixth and Fourteenth Amendments of the U.S. Constitution."

In his first assignment of error, appellant alleges that the court erred when it permitted the state to cross-examine appellant concerning appellant's prior misdemeanor convictions. We find the assignment oddly framed and, therefore, for the sake of clarity, will divide it into two issues: one, whether the evidence was inadmissible and constituted plain error despite the limiting instructions of the trial judge and, two, whether the trial judge had a responsibility to do more than he did in instructing the jury on this issue once it was decided that he, and not the jury, would make the determination on the specification of a prior offense of violence.

The record also indicates that none of the state's three exhibits concerning the prior convictions was admitted into evidence, and thus all were not in the possession of the jury for their consideration.

Appellant argues that the prosecutor introduced the evidence of appellant's prior convictions for an improper purpose, *i.e.,* to show evidence of appellant's character.

Evid.R. 404(B) provides:

"Evidence of other crimes, wrongs, or acts *is not admissible* to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." (Emphasis added.)

First, this court must decide whether the disputed evidence satisfied the requirements of Evid.R. 609(A).

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement,

regardless of the punishment whether based upon state or federal statute or ordinance." Evid.R. 609(A).

The crimes were DUI, assault, receiving stolen property, and sexual imposition. Assault, R.C. 2903.13, and receiving stolen property, R.C. 2913.51, are punishable with up to a six months' term. Sexual imposition, R.C. 2907.-06(A)(4), is punishable by a sentence of up to sixty days. DUI is punishable by a sentence of up to (not in excess of) one year. Therefore, these convictions were not admissible unless they involved dishonesty or false statement.

▆▆▆▆ DUI, assault, and sexual imposition are not considered to involve dishonesty or false statement. However, receiving stolen property does involve dishonesty. In *State v. Taliaferro* (1981), 2 Ohio App.3d 405, 2 OBR 481, 442 N.E.2d 481, syllabus, the court held:

"The offenses of attempted forgery, petty theft and attempted *receiving stolen property are offenses involving dishonesty* and a trial court does not err in permitting the introduction into evidence of a defendant's prior convictions for these offenses for the purpose of impeaching his credibility. (Evid.R. 609[A].)" (Emphasis added.)

▆▆▆ Therefore, the only evidence which was properly admitted was that pertaining to receiving stolen property. (There was also evidence as to appellant's incarceration for aggravated burglary. However, this evidence was necessary and proper to this case since appellant is accused of threatening a witness who was to testify in the aggravated burglary case. More important, defense counsel was the first to introduce this evidence.)

As was indicated in the statement of facts, the appellant himself erroneously admitted to a conviction of felonious assault which would have been admissible under the Evidence Rules if he had been correct.

▆▆▆ Appellant's trial counsel did not object to the prosecution's use of the prior convictions. Generally, if an objection is not made when the errors could have been avoided, an appellate court need not consider the alleged error. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E. 1364. Therefore, this court must determine whether or not there was "plain error."

"A 'plain error,' committed by a trial court and reviewable on appeal, is an obvious error which is prejudicial to an accused, although neither objected to nor affirmatively waived, which, if allowed to stand, would have a substantial adverse impact on the integrity of and public confidence in judicial proceedings." *State v. Craft* (1977), 52 Ohio App.2d 1, 6 O.O.3d 1, 367 N.E.2d 1221, paragraph one of the syllabus.

The court, during the prosecutor's questioning, twice intervened and instructed the jury as to the use they could make of the evidence of prior convictions. Again, during his closing instruction to the jury, he repeated essentially the same instructions.

Therefore, we find that although the trial judge's instructions were sufficient to alert the jury as to what the *admissible* evidence could be used for, we find that the instructions were insufficient to deal with the *inadmissible* prior convictions raised by the prosecution.

Because such limiting instructions were only relevant to the evidence which was properly admissible in the first place, we find that these limiting instructions were not sufficient to cure the prejudice generated by permitting testimony about crimes which did not meet the criteria of Evid.R. 609(A).

█ If the evidence of these crimes was not properly admissible pursuant to Evid.R. 609(A), then we must conclude that they were used for and had the effect of impugning appellant's character, which is not permissible under Evid.R. 404(B).

An appellate court will not reverse, however, unless it is demonstrated that the error is prejudicial to the party complaining of the error. See Whiteside, Ohio Appellate Practice (1987) 15, Section 3.15.

█ Pursuant to Crim.R. 52, "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."

In this case, the determining issue was appellant's credibility. It was basically appellant's word against the complaining witness's as to what happened. Even in hindsight, it is impossible to state with any certainty that appellant was not substantially prejudiced by evidence presented that had the primary impact of demonstrating what a miserable person the appellant was. The evidence against the appellant was not that overwhelming. While there was other evidence which also might have legitimately discredited appellant's credibility, we cannot say to what degree that evidence was relied upon by the jury. Therefore, appellee's use of these prior convictions had the primary impact of demonstrating what a miserable person the appellant was, a forbidden usage under Evid.R. 404(B). In light of the credibility issue in this case and the fact that a sex crime was one of the inadmissible convictions, we find the error to be prejudicial. Therefore, appellant's assignment of error is well taken.

█ In his second assignment of error, appellant argues that he was denied effective assistance of counsel. The record shows that appellant's counsel stood silent while the prosecutor submitted evidence of crimes which were not

admissible under Evid.R. 609(A) or any other evidentiary rule under the facts of this case.

In *State v. Hamblin* (1988), 37 Ohio St.3d 153, 155–156, 524 N.E.2d 476, 479, the court held:

"In Ohio, a properly licensed attorney is presumed competent. *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 301, 31 O.O.2d 567, 568, 209 N.E.2d 164, 166. The appellant bears the burden of proving that his trial counsel was ineffective. To carry this burden, appellant must show that counsel made errors so serious that counsel failed to function as the 'counsel' guaranteed by the Sixth Amendment. *Strickland v. Washington* (1984), 466 U.S. 668, 687 [104 S.Ct. 2052, 2064, 80 L.Ed.2d 674]. Appellant must also demonstrate that the deficient performance prejudiced his defense. To establish prejudice, appellant must show that there is a reasonable probability that but for counsel's mistakes, the result of the trial would have been different. *Strickland, supra.*"

In this case, although our analysis of the first assignment indicates that plain error existed, we cannot make the quantum leap that counsel's decision not to object was based on ignorance rather than strategy.

In this instance, it is quite arguable that the attorney's failure to object was a deliberate and tactical decision which was made in order not to call undue attention to an already weakened position. It is evident that two of the crimes which were mentioned were properly admissible under the circumstances, and we cannot second-guess the attorney's motivation in not objecting to the other convictions. The fact that we disagree with this decision in hindsight does not mean we can consider such a judgment call as an indication of "deficient performance" on the part of counsel.

The judgment of the trial court is reversed and this matter is remanded for a new trial on the basis of our holding in the first assignment.

*Judgment reversed*
*and cause remanded.*

JOSEPH E. MAHONEY and FORD, JJ., concur.