MEMORANDUM DECISION AND JUDGMENT ENTRY.
Following a jury trial, defendant-appellant, William F. Sizemore, was convicted of murder pursuant to R.C. 2903.02(A) and felonious assault pursuant to R.C. 2903.11(A). The evidence showed that Sizemore attended a party at the home of Sean Boettcher. He and Aaron Ziller became involved in an altercation in which Ziller hit Sizemore in the face with a beer bottle. They continued to fight until they ended up in the backyard. The fight then ended, and Ziller went back into the house. Boettcher originally refused to allow Sizemore to reenter the house, but he eventually relented when Sizemore said that he just wanted to clean himself up and then he would leave. Sizemore went into the bathroom and remained there for a few minutes. Immediately upon coming out, he stabbed Ziller in the chest. Ziller tried to defend himself but Sizemore kept coming at him. Tina Coyle came between the two men and Sizemore stabbed her in the neck. Ziller died from the stab wounds inflicted by Sizemore, and Coyle suffered significant injury. The jury rejected Sizemore's claim that Ziller was the first aggressor and that he only acted in self-defense.
In his sole assignment of error, Sizemore states that the cumulative effect of numerous errors denied him a fair trial. Under this assignment of error, he presents four separate issues for review. We find none of these issues to have merit, and we therefore find that Sizemore's assignment of error is not well taken.
First, Sizemore contends that he was denied a fair trial due to prosecutorial misconduct. He claims that various comments made by the prosecutor during opening and closing arguments were unfairly prejudicial. We first note that Sizemore failed to object to any of these alleged instances of prosecutorial misconduct. Consequently, he waived any error but plain error.State v. Mason (1998), 82 Ohio St.3d 144, 162,694 N.E.2d 932, 951; State v. Hirsch (Aug. 7, 1998), Hamilton App. C-970315, unreported. An alleged error does not rise to the level of plain error unless, but for the error, the outcome of the trial clearly would have been otherwise.State v. Wickline (1990), 50 Ohio St.3d 114, 119-120,552 N.E.2d 913, 919-920. We have reviewed the record and the arguments about which Sizemore complains, and we hold that those arguments were fair comments on the evidence. We cannot conclude that the prosecutor's comments were unfairly prejudicial or that they denied Sizemore a fair trial, much less that they rose to the level of plain error. Mason, supra, at 161-163, 694 N.E.2d at 951-952; State v. Lott (1990),51 Ohio St.3d 160, 165-166, 555 N.E.2d 293, 300-301; Statev. Carpenter (1997), 122 Ohio App.3d 16, 29,701 N.E.2d 10, 19; Hirsch, supra.
Sizemore next argues that comments the prosecutor made during the jury voir dire emphasizing that the case did not involve the death penalty minimized the seriousness of the offense charged and the importance of the jurors' task, thus depriving him of a fair trial. Again, Sizemore did not raise the issue at trial, and he therefore waived any error unless it rose to the level of plain error. State v. Underwood (1983), 3 Ohio St.3d 12, 13,444 N.E.2d 1332, 1333.
Several appellate courts have found no error when the trial court informed the jury that the case did not involve the death penalty. State v. Curry (Sept. 30, 1997), Scioto App. No. 95CA2339, unreported; State v. Berk (Feb. 11, 1986), Franklin App. No. 85AP-720, unreported; Statev. Hayward (Dec. 7, 1981), Guernsey App. No. CA-644, unreported. These courts have stated that relaying this information to the jury is not prejudicial to the defendant:
 To notify prospective jurors in voir dire that capital punishment is not involved in the case merely eliminates a particular possibility for bias, and does not involve notifying them of the consequences of their decisions. Speculation on the part of jurors as to the potential for the death penalty could bias deliberations by jurors who hold strong beliefs against capital punishment in favor of a defendant. Eliminating a possibility of capital punishment from the minds of prospective jurors, where it otherwise might exist in the context of an aggravated murder trial, does not deny the defendant a trial by an impartial jury. Instead it can be reasonably argued that such notice helps to ensure impartiality.
Berk, supra.
We agree with the reasoning of these cases. It follows then that if it is not prejudicial for the trial court itself to tell the jury that the case does not involve the death penalty, it is not prejudicial for the prosecutor to relay the same information. Accord Hayward, supra. Consequently, we cannot conclude that the prosecutor committed any misconduct in telling jurors that Sizemore could not receive the death penalty or that the trial court erred in allowing the prosecutor to relay this information, much less that any plain error occurred.
Next, Sizemore argues that prosecutor improperly questioned him as to specific facts relating to his previous convictions. Again, Sizemore failed to object to this line of questioning and waived all but plain error. After reviewing the record, we believe that some of the prosecutor's questions regarding Sizemore's prior drug convictions may have been improper under Evid.R. 609(A). See State v. Brown (1989), 65 Ohio App.3d 322,326-327, 583 N.E.2d 1331, 1334; State v.Jones (Dec. 29, 1995), Hamilton App. No. C-950005, unreported; State v. Brown (Mar. 18, 1992), Hamilton App. No. C-900925, unreported; State v. Lumpkin (Feb. 25, 1992), Franklin App. No. 91AP-567, unreported. But, considering the amount of evidence against him, we cannot hold that, but for the error, the outcome of the trial clearly would have been otherwise. See Wickline, supra, at 112-120,552 N.E.2d at 919-920. "[T]he plain error rule is to be applied with the utmost caution and invoked under exceptional circumstances, in order to prevent a manifest miscarriage of justice." Statev. Cooperrider (1983), 4 Ohio St.3d 226, 227,448 N.E.2d 452, 453. This case does not present such exceptional circumstances.
Finally, Sizemore argues that his convictions were against the manifest weight of the evidence. After reviewing the record, we cannot conclude that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the convictions and order a new trial. Consequently, Sizemore's convictions were not against manifest weight of the evidence. State v. Thompkins (1997), 78 Ohio St.3d 380,387, 678 N.E.2d 541, 546-547; State v. Allen (1990),69 Ohio App.3d 366, 374, 590 N.E.2d 1272, 1278. Sizemore is simply arguing that the evidence supported his self-defense claim. But the state presented substantial evidence showing that Sizemore purposely stabbed Ziller after some deliberation several minutes after the fight had ended. Consequently, the jury could have reasonably concluded that Sizemore failed to meet his burden to prove self-defense. See R.C. 2901.05; State v. Robbins
(1979), 58 Ohio St.2d 74, 388 N.E.2d 744, paragraph two of the syllabus; State v. Eley (1978), 56 Ohio St.2d 169,383 N.E.2d 132, syllabus. The jury clearly did not believe his testimony, and it is well settled that matters as to the credibility of evidence are for the trier of fact to decide.State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.
In sum, we cannot conclude that any errors committed by the trial court, either individually or cumulatively, caused unfair prejudice to Sizemore or denied him a fair trial. See State v.Goff (1998), 82 Ohio St.3d 123, 140, 694 N.E.2d 916, 929-930;Hirsch, supra. Consequently, we overrule his sole assignment of error, and we affirm his convictions for murder and felonious assault.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 Doan, P.J., Hildebrandt and Winkler, JJ.
 To the Clerk: Enter upon the Journal of the Court on May 28, 1999 per order of the Court _______________________________. Presiding Judge