THE STATE OF OHIO, APPELLEE, *v.* CRAFT, APPELLANT.

(No. C-76206—Decided April 27, 1977.)

*Mr. Thomas A. Luebbers, Mr. Paul J. Gorman* and *Ms. Ann Marie Tracey,* for appellee.

*Mr. Myron Y. Davis, Jr.,* for appellant.

BLACK, J. Ms. Craft appeals from her conviction of child endangering, a violation of R. C. 2919.22(A). Two issues are raised on appeal: (1) Whether R. C. 2919.22(A)

is unconstitutionally vague and overbroad, and (2) whether the evidence presented at trial was insufficient to support a finding of guilt. We affirm the conviction.

The first assignment of error questions the constitutionality of R. C. 2919.22(A). Before reaching the substance of this claim, we note that appellant did not bring this issue to the attention of the trial court by motion, objection or otherwise. The general rule is that an appellate court will consider only such errors as were "preserved" in the trial court. *State* v. *Childs* (1968), 14 Ohio St. 2d 56; *State* v. *Williams* (1974), 39 Ohio St. 2d 20. The general rule has been so well established that extensive citations are not needed. See, generally, 3 Ohio Jurisprudence 2d 38, Appellate Review, Section 185, and 5 American Jurisprudence 2d 29, Appeal and Error, Section 545.

The prohibition is not absolute. The reviewing court has discretion under Ohio rules to choose those unpreserved issues which it will decide.

"Plain errors or defects affecting substantial rights *may* be noticed although they were not brought to the attention of the court." (Emphasis supplied.) Crim. R. 52 (B).

"Errors not specifically pointed out in the record and separately argued by brief *may* be disregarded." (Emphasis supplied.) App. R. 12(A). See also R. C. 2505.21.

Discretion in this matter is traditional. *Weems* v. *United States* (1910), 217 U. S. 349. *State* v. *Hensley* (1906), 75 Ohio St. 255. The Supreme Court of South Carolina calls it "a matter of grace." *State* v. *Griffin* (1924), 129 S. C. 200, 124 S. E. 81. The Illinois Supreme Court states, somewhat more precisely:

"However, [the general rule] is a rule of administration and not of jurisdiction or power, and it will not operate to deprive an accused of his constitutional rights of due process." *People* v. *Burson* (1957), 11 Ill. 2d 360, 370, 143 N. E. 2d 239, 245.

What is "plain error"? For the purpose of reaching an understanding, we divide errors into four classes.

(1) Harmless errors. These are errors which were brought to the trial court's attention, but which do not

provide grounds for reversal because they do not affect substantial rights and are not prejudicial to the defendant. See Crim. R. 52(A).

(2) Preserved errors. These are mistakes which were brought to the trial court's attention, and which affect substantial rights; being prejudicial to the defendant, they provide grounds for reversal.

(3) Waived errors. This category comprises prejudicial errors which may or may not have been brought to the trial court's attention, but which were in fact or in contemplation of law waived prior to appeal, and which, because of the waiver, do not provide grounds for reversal.

(4) Plain errors. This class involves errors which were not brought to the trial court's attention but which affect substantial rights, are deemed too fundamental to be waived in contemplation of law, and "may be noticed" on appeal. See Crim. R. 52(B).

The first class is non-prejudicial, while the last three are composed of prejudicial errors. In the instant case, we are not concerned with a harmless error (because constitutional questions almost inevitably affect substantial rights), nor with a preserved error (because in the instant case, defendant failed to bring the error to the attention of the trial judge).

How do we distinguish between a waived error and a plain error? More precisely, for this case, what are the guidelines to determine what prejudicial errors will or will not be deemed waived as a matter of law by defendant's failure to object at the trial level?[1] Crim. R. 52(B) refers

---

[1]It is noted that the standard to be applied in deciding what preserved errors will not be deemed waived and therefore may be noticed on appeal will be pertinent if a convicted defendant whose appeals have been nonproductive seeks post-conviction relief under R. C. 2953.21. As stated by the Supreme Court in the ninth paragraph of the syllabus of *State* v. *Perry* (1967), 10 Ohio St. 2d 175:

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment."

to "errors or defects affecting substantial rights," but this is not definitive because many substantial rights may be waived by inaction.

A waiver by inaction is generally effective in two circumstances: (1) those instances where the criminal rules specifically provide that a defendant must act at a designated time, or lose his assignment of error on appeal; and (2) those errors which, if brought to the attention of the trial judge at the very moment they occurred, could have been corrected by an appropriate action or statement. Examples of (1) are pretrial motions made mandatory by Crim. R. 12(B). Examples of (2) are rulings on almost all objections to leading questions, or on objections to relevancy where the questions did not stray too far from the course. Even though rights may be of a constitutional nature, they may be waived by inaction in these instances.

At the other end of the spectrum are errors which will be considered on appeal as a matter of course, although not preserved. All errors rendering the judgment void are plain errors, whether the invalidity arises from the lack of jurisdiction over the person, or the absence of a right to try the defendant for the offense for which he was convicted. Examples are the acceptance of a guilty or no contest plea to a felony without a full compliance with the requirements of Crim R. 11(C), and sentencing a convicted defendant to imprisonment after a trial at which he was not represented by counsel—the defendant not having waived that basic constitutional right.

However, between these two extremes lies a broad spectrum of errors that may or may not be "plain." Neither the Ohio nor the federal criminal rules contains a definition of "plain error." We draw our conclusions from case law in this state, our sister states and the federal courts.

The general rule excluding from consideration errors which have not been "preserved" follows from the adversary nature of our criminal procedures, whereby a party must look to his own interests. Its purpose is practical: to prevent the defensive trial tactic of remaining silent on a

fatal error during trial with the expectation of demanding a reversal on appeal if the verdict is guilty. This tactic gives the defendant two bites at the apple, thereby eroding the finality of trial court judgments.

The plain error exception to the general rule is exercised cautiously. There must be "clear miscarriage of justice" (*McIntyre v. United States* [C. A. 8, 1967], 380 F. 2d 822, 825, n. 1), "error both obvious and substantial" (*Sykes v. United States* [C. A. 5, 1966], 373 F. 2d 607, 612), "grave errors which seriously affect substantial rights of the accused" (*Wright v. United States* [C. A. 10, 1962], 301 F. 2d 412, 414), and the like. But these expressions are too broad to afford a workable guideline for identifying plain error. A common theme is that it takes an exceptional case to overcome the traditional reluctance both to rule on a constitutional issue and to note on appeal what the lower court had no opportunity to decide.

A review of Ohio,[2] other states,[3] and federal[4] cases leads

---

[2]A review of Ohio cases fails to disclose an articulated standard whereby "plain error" may be identified. The denial of a public trial may be raised on appeal without objection below. *State v. Hensley* (1906), 75 Ohio St. 255. So also may the prosecutor's adverse comment in closing argument about defendant's failure to testify. *State v. Lynn* (1966), 5 Ohio St. 2d 106. The jurisdiction of the court to find a party in contempt for the violation of an injunction may be raised at any level. *In re Cattell* (1945), 146 Ohio St. 112. The denial of the right to counsel and to a fair trial may be raised later. *State v. Domer* (1964), 1 Ohio App. 2d 155. On the other hand, a defendant's claim that the jury was allowed to separate for lunch will not be heard for the first time on appeal (*State v. Williams* [1974], 39 Ohio St. 2d 20), and neither will the fact that the prospective jurors were not sworn prior to *voir dire* examination be determined. *Nigro v. State* (1922), 23 Ohio Law Rptr. 334. Objections to hearsay evidence, when the matter asserted was corroborated by two eyewitnesses will not be decided. *State v. Childs* (1968), 14 Ohio St. 2d 56.

However, other than stating or implying that a defendant was denied a fair trial, our courts have in the past simply accepted such unpreserved errors on a case by case basis, without setting a standard. *Clark v. State* (1926), 23 Ohio App. 474. *Madjorous v. State* (1924), 24 Ohio App. 146.

[3]Various state courts have been willing to entertain error either improperly raised and preserved or not raised at all below. *Halbert v.*

to the conclusion that the decisions have been made on a case by case basis, and that there are no "hard and fast classifications in either the application of the principle [recognizing plain error] or the use of a descriptive title." 3 Wright, Federal Practice and Procedure, Section 856, at n. 86 (1969). Wright, *supra*, at page 373, suggests that the concept is one which "appellate courts find impossible to define, save that they know it when they see it."

As Wright points out, there appears to be a common purpose underlying the plain error rule in addition to protecting the defendant—that is, to protect both the integrity and the reputation of the judicial system. The motive is public, not private.

---

*Upper Neches River Municipal Water Authority* (Tex. Civ. App. 1963), 367 S. W. 2d 879 (only in a matter of public interest [as opposed to private], where fundamental error affirmatively appears on record—in this case excessive condemnation failed on both tests); *Brooks* v. *State* (1950), 209 Miss. 150, 46 So. 2d 94 (where error affecting fundamental rights exists—here, Fourth and Sixth Amendment rights); *State* v. *Crooker* (1923), 123 Me. 310, 122 A. 865 (where fundamental rights are violated—here, the right to confront, through cross-examination, a co-defendant whose testimony on direct examination was damaging to appellant); *State* v. *Moore* (1952), 194 Ore. 232, 241 P. 2d 455 (where palpable error occurred in that defendant was convicted despite an entire lack of evidence); *State* v. *Griffin* (1924), 129 S. C. 200, 124 S. E. 81 (where error deprived defendant of a substantial means of enjoying a fair and impartial trial in that she was, in effect, compelled to testify against herself); *Commonwealth* v. *Wadley* (1951), 169 Pa. Super. 490, 83 A. 2d 417 (palpable error in that defendant was never indicted for the crime of which he was convicted; *People* v. *Burson* (1957), 11 Ill. 2d 360, 143 N. E. 2d 239 (where the court's refusal to conduct a sanity hearing deprived defendant of a substantial means of enjoying a fair and impartial trial); *Pine Grove Nevada Gold Mining Co.* v. *Freeman* (1946), 63 Nev. 357, 171 P. 2d 366 (where the court committed plain and fundamental error in quieting title in plaintiff to mining claims not owned by him); *State* v. *Cummings* (1967), 49 Haw. 522, 423 P. 2d 438 (where plain error which affects substantial rights exists, here defendant's Fifth Amendment rights); *Cappon* v. *O'Day* (1917), 165 Wis. 486, 162 N. W. 655 (when necessary to preserve justice—here, the court examined the validity of a mortgage to see if it would affect the rights of defendant who had purchased horses subject to plaintiff's chattel mortgage).

'See cases cited in 3 Wright, Federal Practice and Procedure, Section 856 (1969).

We conclude that plain error may be identified as obvious error prejudicial to a defendant, neither objected to nor affirmatively waived by him, which involves a matter of great public interest having substantial adverse impact on the integrity of and the public's confidence in judicial proceedings. The error must be obvious on the records,[5] palpable,[6] and fundamental,[7] and in addition it must occur in exceptional circumstances where the appellate court acts in the public interest because the error affects "the fairness, integrity or public reputation of judicial proceedings." *United States* v. *Atkinson* (1936), 297 U. S. 157, at 160. The interest to be advanced is "the rule of law." This is a government of laws and not of men, even judges.

Under this guideline, does the claim that R. C. 2919.22 (A) is unconstitutional for vagueness and the absence of a determination of the issue in the trial court constitute plain error? We think not. First, the constitutional invalidity of the statute is not "obvious." We have not been cited and we do not find a controlling precedent that holds that the language of this statute is vague and overbroad. The determination of its constitutionality, therefore, turns on a careful balancing of state and individual interests, together with an analysis of whether the statute gives fair notice of an ascertainable standard upon which an individual's conduct will be judged criminal, or whether it grants unfettered discretion to enforcement personnel. See, for example: *Papachristou* v. *City of Jacksonville* (1972), 405 U. S. 156; *Wainwright* v. *Stone* (1973), 414 U. S. 21; *Rose* v. *Locke* (1975), 423 U. S. 48. The statute is not so plainly unconstitutional that the applicable tests can be applied at a glance. Second, the constitutionality of the child endangering statute is *not* a matter of great public interest, and the failure to determine its constitutionality was not plain error.

---

[5]*Sykes* v. *United States* (C. A. 5, 1966), 373 F. 2d 607.

[6]*State* v. *Moore, supra,* note 3; *Commonwealth* v. *Wadley, supra,* note 3.

[7]*Brooks* v. *State, supra,* note 3; *Commonwealth* v. *Wadley, supra,* note 3; *Pine Grove Nevada Gold Mining Co.* v. *Freeman, supra,* note 3; *State* v. *Crooker, supra,* note 3; *State* v. *Cummings, supra,* note 3.

The defendant waived any error by failing to call it to the attention of the trial court. We find that the first assignment of error is not well taken, not having reached the constitutional question.

In her second assignment of error, appellant contends that there was insufficient evidence to support a finding of guilt beyond a reasonable doubt. This contention is without merit. We find that there was credible evidence of probative value from which the trial judge could find that appellant created a substantial risk to the health or safety of her children by violating her parental duty of care, protection or support.

Neither assignment of error being well taken, we affirm the judgment below.

*Judgment affirmed.*

SHANNON, P. J., and PALMER, J. concur.