**The STATE of Ohio, Appellee,**

v.

**GOVER, Appellant.**

[Cite as *State v. Gover* (1989), 61 Ohio App.3d 330.]

Court of Appeals of Ohio,
Hamilton County.

No. C–870793.

Decided March 1, 1989.

*Arthur M. Ney, Jr.,* prosecuting attorney, *David L. Prem* and *Patrick Dinkelacker,* for appellee.

*Raymond T. Faller,* for appellant.

DOAN, Judge.

Defendant-appellant, Lorenzo Gover, was convicted of drug trafficking based upon his sale of one-eighth ounce of cocaine to an undercover police officer. The issues raised in his appeal are whether the trial court should have required the state to disclose the identity of a confidential informant involved in the sale, and whether a supplemental instruction given to the jury was plain error.[1]

On February 3, 1987, undercover police officer Royce Winters asked a confidential police informant to arrange a meeting with defendant, with whom Winters was not acquainted, to attempt a controlled purchase. At about 11:30 a.m., Winters and the informant arrived at the designated meeting place, the parking lot of an apartment complex, in an unmarked police car. Another police officer, Patrick Dilbert, sat in a car about sixty feet away to observe and to monitor any conversation through a listening device from a transmitter worn by Winters. Within several minutes, a man identified as defendant came out of an apartment building and entered Winters's car, sitting in the right rear seat. The informant introduced defendant to Winters, who began negotiations with defendant for the cocaine purchase. After several minutes, defendant went back in the apartment building. As he came out and walked toward the car about ten minutes later, defendant noticed and "stared at" Officer Dilbert, who then left the area. Winters and defendant completed their negotiations, agreeing upon one-eighth ounce of cocaine for $360. Winters, defendant and the informant then waited in the car for defendant's

---

1. We have *sua sponte* removed this case from the accelerated calendar.

supplier to arrive. After about forty minutes, defendant went in the apartment building and came back out with the cocaine, and the transaction was then completed. Winters met with defendant alone several days later to attempt another purchase; they waited for an hour in Winters's car for the supplier, but the latter failed to appear and no sale occurred.

Defendant was indicted for trafficking in June 1987, and was arrested shortly thereafter. After a jury trial began, defendant made an oral motion to require disclosure of the informant's identity, defense counsel stating he was unaware that an informant had been involved until trial testimony began. The trial court overruled that motion after a hearing. The trial then continued, but was declared a mistrial when a state's witness mentioned defendant's prior criminal record.

Prior to the second trial, defendant's motion to compel disclosure of the informant's identity was again made and overruled. At trial, both police officers (Winters and Dilbert) identified defendant as the drug seller. Defendant's defense began as one of mistaken identity, but later in the trial defendant gave his counsel a letter from a dentist stating that defendant was at the dentist's office at the time of the crime. The trial court granted a continuance to allow the dentist and dental records to be subpoenaed. The state questioned the dentist on cross-examination about the existence of eraser marks on the dental record showing the time and date of defendant's appointment. The jury found defendant guilty as charged and he was sentenced as appears of record.

The first assignment of error is that the trial court erred by refusing to require the state to disclose the identity of the informant who introduced defendant to the officer. The test for deciding whether disclosure of an informant's identity is required is set forth in *State v. Williams* (1983), 4 Ohio St.3d 74, 4 OBR 196, 446 N.E.2d 779, the syllabus of which reads:

"The identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges."

The *Williams* court further stated that the test involves a balance, on a case-by-case basis, between the defendant's right to cross-examine the witnesses against him, and the state's interest in preserving anonymity in order to encourage citizens to report criminal activity. *Id.* at 75–76, 4 OBR at 197–198, 446 N.E.2d at 780–781.

In *Williams*, the court held that disclosure of the informant's identity was not required. The court first cited *State v. Phillips* (1971), 27 Ohio St.2d 294,

56 O.O.2d 174, 272 N.E.2d 347, in which disclosure was required because the drug transaction between the informant and the accused was completed in a motel room out of sight of the police. The court then distinguished *Phillips* by noting that the transaction between Williams and the informant was entirely witnessed by a police officer. Further, Williams had not presented any defense at trial, but contended on appeal that the informant's identity may have been relevant to a defense of entrapment or mistaken identity. The court noted that since three police officers had positively identified the accused, there was sufficient evidence that he was the person involved in the transaction; the court further declined to speculate about a possible entrapment defense. *Id.* at 76–77, 4 OBR at 198–99, 446 N.E.2d at 781–782.

This court applied the *Williams* test in *State v. Earls* (Apr. 1, 1987), Hamilton App. No. C–860329, unreported, 1987 WL 8864, where only the informant and defendant were present at the drug sale, but the police had previously recorded a conversation in which defendant offered to sell the drugs; the defense was that defendant merely posed as a drug dealer at the informant's request. This court found that the trial court did not abuse its discretion by concluding any benefit to defendant from disclosure of the informant was outweighed by the need for confidentiality. *Id.* at 4. In *State v. Ray* (Feb. 1, 1984), Hamilton App. No. C–830345, unreported, 1984 WL 6726, two officers watched as defendant and the informant exchanged drugs for money. Noting that the transaction was observed by police, that the informant's testimony was not necessary to prove any element of the offense and that counsel had cited no specific way in which the informant's identity would have been helpful to the defense (the type of defense raised at trial was not stated), this court affirmed the trial court's refusal to order disclosure of the informant's identity. *Id.* at 3.

Other courts have held under the *Williams* test that disclosure was not required where the police officer was the drug purchaser or was present at the time of the sale, or where the informant was otherwise not sufficiently involved in the sale. *State v. Draughn* (Mar. 3, 1987), Montgomery App. No. CA–9664, unreported, 1987 WL 7511 (the informant merely introduced the officer to defendant); *State v. Blackshear* (Feb. 20, 1986), Cuyahoga App. No. 501130, unreported, 1986 WL 2347 (the informant led the officer to defendant); *State v. Kader* (Sept. 26, 1985), Pike App. No. 367, unreported, 1985 WL 11161 (identity of the informant not helpful to a defense of mistaken identity where the informant did not actively participate in the sale and the police officer identified defendant at trial); *State v. King* (Mar. 29, 1984), Franklin App. No. 83AP–725, unreported, 1984 WL 4686 (identity of the informant not helpful to a defense of mistaken identity where the informant was merely present, without an actual role in the sale, and the police officer positively identified

defendant). In *State v. Coleman* (June 13, 1988), Butler App. No. CA87–07–090, unreported, 1988 WL 62950, disclosure was not required because the informant was not an eyewitness to the drug transaction and therefore could not have helped to establish defendant's alibi defense.[2]

The court affirmed an order to disclose an informant's name in *State v. Kidd* (Feb. 10, 1988), Summit App. No. 13357, unreported, 1988 WL 17815. There, the court stated only that the defense was mistaken identity and that the informant "set up" two drug buys and identified the drug seller to police, and then concluded: "It is clear that the testimony of the informant would be helpful or beneficial in preparing or making a defense to the criminal charges." *Id.* at 1. Disclosure was also ordered in *State v. Baldwin* (Apr. 8, 1987), Champaign App. No. 86–CA–14, unreported, 1987 WL 10147, which followed *State v. Phillips, supra,* because the drug transaction occurred in the presence of only the defendant and the informant; no police officers witnessed the exchange.

In the present case, since the informant's testimony was not necessary to prove an element of the trafficking charge, defendant relies upon the second prong of the *Williams* test by arguing that the informant's identity would have been helpful or beneficial to him in making his defenses of mistaken identity and alibi. We have applied the *Williams* balancing test to the specific facts of this case, and we must conclude, for the following reasons, that the trial court erred by not requiring the state to divulge the informant's identity.

First, we emphasize that the *Williams* syllabus specifically states an informant's identity "must" be revealed when his testimony would be "helpful or beneficial" to the accused in "preparing" a defense. There is no requirement of a showing that the informant would somehow establish defendant's innocence; the question is merely whether defendant would obtain any benefit in the preparation of a defense. It is rationally arguable in this case that defendant would derive benefit.

We further rely upon the following facts and circumstances in making our decision. Unlike other cases, defendant is not attempting to develop a theory of defense on appeal or asking the court to engage in speculation about that

---

2. Cases in which the defendant claimed that the informant's testimony would have been beneficial to a defense of entrapment (whether actually raised at trial or not) have often followed *State v. Butler* (1984), 9 Ohio St.3d 156, 9 OBR 445, 459 N.E.2d 536, in which the Supreme Court held disclosure of the informant's identity not to be required because defendant failed to supply evidence of what occurred that might constitute entrapment, and the court refused to speculate on the matter. See, *e.g., State v. Jurich* (May 23, 1988), Montgomery App. No. 10430, unreported, 1988 WL 55572.

defense. His specific contention, prior to trial and throughout, has been that he was not the seller of the cocaine, and his clearly defined defenses presented at trial were mistaken identity and alibi. While the defendant in *Williams* presented no defense at all, the defenses in this case are supported by the facts that defendant was not arrested until more than five months after the transaction, and a licensed dentist supported defendant's alibi with testimony and records. We also note that the evidence in this case was not overwhelming. The specific charge arose from a one-time contact between defendant and an undercover officer, and a sixty-foot distance observation by another officer, neither of whom had previously known defendant. Despite ample opportunity, there were no photographs taken of defendant, no fingerprints and no tape recording of the transaction, even though the officers wore communication devices. We therefore conclude that the informant's testimony would have been helpful to defendant in preparing his articulated defenses, and we sustain the first assignment of error.

The second assignment of error states that the conviction is against the manifest weight of the evidence, but the specific argument raised in support of the assignment is that the trial court committed plain error by giving a certain instruction to the jury after it began its deliberations, and that the jury lost its way as a result of the instruction. We perceive that the intent of the assignment of error is to raise this argument about plain error, and we will therefore address it on that ground.

The record reveals that the case was submitted to the jury at 11:35 a.m. on a Friday. At 2:35 p.m. (after a lunch break), the court called the jurors in to ask them to return after the weekend; one juror was unable to do so, and the court was told by several jurors that the possibility of reaching a verdict that day was very small. The following then transpired:

"THE COURT: Do you believe that—very frankly, the facts are not in controversy at all. There are no controversial facts in this case. You're either going to believe one or you're going to believe someone else apparently.

"Do you feel that you are an an impass [*sic*]?

"JUROR NO. 2: No. I don't think so.

"THE COURT: You think that there is a possibility that this can be worked out?

"JUROR NO. 2: Yes.

"JUROR NO. 10: Sure."

The jury then resumed its deliberations and returned the guilty verdict thirty-two minutes later. No objection was made to the court's remarks.

Plain error is reversible error to which no objection was raised at trial; it is obvious and prejudicial error which, if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings. *State v. Craft* (1977), 52 Ohio App.2d 1, 6 O.O.3d 1, 367 N.E.2d 1221. In general, supplemental instructions to a jury regarding the status of its deliberations carry the potential for coercing or unduly influencing the jury, and they have often been held to be prejudicial. See *State v. Maupin* (1975), 42 Ohio St.2d 473, 71 O.O.2d 485, 330 N.E.2d 708; *State v. Sabbah* (1982), 13 Ohio App.3d 124, 13 OBR 155, 468 N.E.2d 718, and cases cited therein.

In this case, we believe that the trial court erred by telling the jury that the facts were not in controversy, when defendant's entire defense called for the jury to decide the factual issue of whether he was correctly identified as the seller of the cocaine. On the state of the evidence, which we have already stated was not overwhelming, we cannot say that defendant's right to a fair trial was not adversely affected by the trial court's comments. We therefore conclude that the comments amounted to plain error and we sustain the second assignment of error for this reason.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion and law.

*Judgment reversed*
*and cause remanded.*

KLUSMEIER, J., concurs.

HILDEBRANDT, P.J., concurs in part and dissents in part.

HILDEBRANDT, Presiding Judge, concurring in part and dissenting in part.

I concur with the majority's disposition of the defendant's second assignment of error. However, I must respectfully dissent from the result reached with respect to the first assignment of error. I do not find this case to be distinguishable from the long line of authority that holds that a confidential informant's identity need not be revealed to a defendant where the informant's testimony is not vital to establishing an element of the crime, and where the informant's identity is not helpful to the defense because the transaction in question was entirely observed by a police officer. See *State v. Williams* (1983), 4 Ohio St.3d 74, 4 OBR 196, 446 N.E.2d 779, syllabus.

As noted in the majority's opinion, the court in *Williams* held that disclosure of the informant's identity was not mandated because the illegal transaction was entirely witnessed by a police officer. Here, the evidence is that Officer Winters purchased the contraband *sub judice* directly from the

defendant. Further, Officer Winters observed the defendant on two occasions. On the first occasion, the defendant was with Officer Winters in the officer's automobile for approximately forty minutes. During the second instance, the defendant was with Officer Winters in the officer's automobile for over an hour. I would therefore conclude, as did the court in *Williams,* that since Officer Winters (and Officer Dilbert) positively identified the defendant, there was sufficient evidence to support a finding that the informant's testimony would not have been helpful to defendant's claim of mistaken identity.

Resultantly, on the state of the record *sub judice,* I would respectfully overrule the defendant's first assignment of error.