OPINION
Defendant-appellant Lewis Eppinger appeals the decision of the Cuyahoga County Court of appeals which adjudicated him a "sexual predator" as defined in R.C. 2950.
On August 10, 1988, appellant was indicted in a five count indictment which charged him with three counts of rape, one count of kidnapping and one count of assault. On October 31, 1988, appellant entered a plea of not guilty to the charges against him. The matter went to jury trial on January 17, 1989. On January 26, 1989, the jury returned a verdict finding appellant not guilty of the first count of rape, but guilty to the two remaining counts of rape, kidnapping and assault. Upon sentencing, the kidnapping conviction was merged into rape as charged in count two of the complaint and appellant was sentenced to two terms of incarceration of fourteen to twenty-five years on each rape count, the terms to run concurrent with each other and for a term of incarceration of six months on count five, assault, to run consecutively. On October 15, 1990, appellant's convictions and sentences were affirmed on appeal.
On May 6, 1997 the trial court held a "sexual predator" determination hearing pursuant to R.C. Chapter 2950. Counsel for appellant entered objection to the proceedings on constitutional grounds. At the hearing, the trial court denied appellant's motion to dismiss on constitutional grounds, denied his motion for appointment of expert psychologist or psychiatrist and denied his motion to have the Rules of Evidence applied to the hearing. Thereupon, the state recited into the record facts of the underlying case and the data involving appellant's past convictions for aggravated robbery and felonious assault. Counsel for appellant objected to the introduction of evidence in this manner as read from the record on the basis that appellant was effectively precluded from challenging this evidence by cross-examination. The objection was overruled by the court. On May 13, 1997, the trial court found appellant to be a "sexual predator" based upon the "heinous form of rape" committed, his background and his history.
Appellant appeals his adjudication as a sexual predator and and advances ten assignments of error for our review.
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF "RIGHT TO CROSS EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUNESS (SIC) SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180 AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10, OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180. WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
In this appeal, we are asked to determine whether the trial court's adjudication of appellant as a sexual predator with its corresponding obligation of registration requirements and the state's notification provision constitutes an abridgment of the rights afforded to him by the Ohio and U.S. Constitutions and, if so, whether the evidence before the trial court supported such a finding.
In his first assignment of error, appellant contends that H.B. 180, a law which became effective in 1997 in R.C. Chapter 2950, constitutes a retroactive registration/notification provision evincing a deterrence-based and, therefore, punitive legislative scheme which when applied to him for crimes committed in 1991 violates both Article I, Section 10 of the U.S. Constitution as expost facto legislation and Article II, Section 28 of the Ohio Constitution as retroactive legislation. Specifically, appellant asserts that public disclosure of a person's crime and the attendant humiliation and public disgrace have been historically regarded strictly as a form of punishment imposing both additional duties and attaching new disabilities to past transactions.
The supreme court in State v. Cook (1998), 83 Ohio St.3d 404, analyzed this exact question presented and determined that the issue of whether R.C. 2950.09 may be constitutionally applied retrospectively does not arise unless there has been a prior determination that the General Assembly specify that the statute so apply. Citing Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, paragraph two of the syllabus. Because numerous provisions of R.C. Chapter 2950 apply to sex offenders who were convicted prior to the effective date, the legislative intent is clear that provisions of R.C. Chapter 2950 were intended to apply retroactively. Cook, supra at 410.
Section 10, Article I of the United States Constitution prohibits the enactment of an ex post facto law. An ex post facto
law is one which punishes as a crime an act previously committed which was innocent when done, or which makes more burdensome the punishment for a crime after its commission. Beazell v. Ohio
(1925), 269 U.S. 167, 169-170. The supreme court in Cook held that "the registration and notification provisions of R.C. 2950 do not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public." Cook, supra at 423; see, also, State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
Section 28, Article II of the Ohio Constitution prohibits the general assembly from passing retroactive laws and is broader than the federal constitutional prohibition under the Ex Post Facto Clause because it includes statutes which attach or impose a new disability as well as those imposing punishments. See State v.Thrower (1989), 62 Ohio App.3d 359. However, a purely remedial statute does not violate Section 28, Article II of the Ohio Constitution even if applied retroactively; only a retroactive law which affects substantive rights violates the retroactive clause.Van Fossen, supra.
The Cook court, citing State ex rel. Matz v. Brown (1988),37 Ohio St.3d 279, found that felons have no reasonable right to expect that their conduct will never thereafter be made subject of legislation. Cook, supra at 412. Further, the court concluded that registration is de minimis procedural requirement justified to protect today's children from risk of re-offense by previously convicted offenders. Cook, supra at 412. Finally, in reliance onMatz, the Cook court found that the dissemination of information provisions do not impinge upon any reasonable expectation of finality that the defendant may have had with regard to his conviction and does not deprive the offender of a substantive right. Cook, supra at 414. The General Assembly may permissibly impose these additional obligations where they do not infringe on a substantive right. Cook, supra at 414. Consequently, the Cook
court concluded that registration, verification and notification provisions of R.C. Chapter 2950 do not violate the ban on retroactive laws as set forth in Section 28, Article II of the Ohio Constitution. Cook, supra at 413-414. Accordingly, we find appellant's first assignment of error to be without merit.
Assignments of error II, IV, V, VI, VII, VIII, IX, and X will be discussed together. On January 28, 1999, this court decidedState v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. In Ward, this court addressed and overruled the identical foregoing assignments of error. We adopt the conclusions of this court as set forth in Ward and follow the same in the disposition of each of these assignments of error. Further, we have reviewed the decision rendered by the Eleventh District Court of Appeals, State v.Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, and see no reason to depart from our conclusions reached in the Ward
decision on the constitutional issues involved. Accordingly, we find assignments of error II, IV, V, VI, VII, VIII, IX and X to be without merit.
Finally, in his third assignment of error, appellant contends that the evidence presented at his hearing was insufficient as a matter of law to support an adjudication of sexual predator by clear and convincing evidence. Specifically, appellant complains that no clear and convincing evidence was presented relating to the likelihood of his future conduct. We agree.
In the context of the argument that a decision is not supported by sufficient evidence, the supreme court in State v.Thompkins (1997), 78 Ohio St.3d 380, 386 stated that "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." "In essence, sufficiency is a test of adequacy, whether the evidence is legally sufficient to sustain a verdict is a question of law." (Citation omitted.) Id.
"Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." (Citation omitted.) Cross v.Ledford (1954), 161 Ohio St. 469, 477.
R.C. 2950.01(E) provides:
 `Sexual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
The criteria established by the Ohio General Assembly to guide trial courts in their determination whether an offender is a sexual predator are put forth in R.C. 2950.09(B)(2), which mandates:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) the offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses.
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed
 (d) whether the sexually oriented offense for which sentenced is to be imposed involved multiple victims;
 (e) whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) any mental illness or mental disability of the offender;
 (h) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) any additional behavioral characteristics that contribute to the offender's conduct.
Eight of these enumerated factors involve what may be considered "old conviction data" which may be found in the court's file. In this case, at appellant's sexual predator hearing, the evidence presented by the state to support its position that appellant was "likely to commit one or more sexually oriented offenses in the future" was based solely upon facts embodied within his underlying offense. While we concede, as this court reasoned in State v. Ward, supra, under certain circumstances evidence solely from the underlying offense may, in fact, be sufficient for a trial court, here, when considering the enumerated factors of R.C. 2950.09(B)(2), to find it likely an offender may re-offend, we do not so find.
The record in this matter indicates that appellant's prior convictions do not include sexually oriented offenses; the single victim in this case was an adult; the underlying sexual offense took place more than ten years ago; there is no evidence shown to indicate that appellant used drugs or alcohol to impair the victim; there was no demonstration of a pattern of abuse; and there was no evidence presented to show behavioral characteristics of appellant contributing to his conduct or to indicate a mental illness or disability. Therefore, the evidence presented at the adjudicatory hearing shows only that appellant committed a sexually oriented offense, but this evidence does not show by clear and convincing evidence that appellant is more likely than not predisposed to commit another sexually oriented offense. See State v. Ward,supra.
A careful review of the record reveals that the only factor noted by the trial court in its consideration of whether the appellant was likely to re-offend was the nature of his sexual conduct. R.C. 2950.09(B)(2)(h). During the sexual predator adjudication hearing, the trial court noted her "recollection" that the crime committed by appellant was "heinous." We find her recollection, without more, insufficient to show clearly and convincingly that appellant is likely to re-offend where reference to the remaining factors under R.C. 2950.09(B)(2) do not suggest that he be labeled a sexual predator.
In State v. Wilson (Sept. 11, 1998), Hamilton App. No. C-970880, unreported, the court of appeals held that the sexual predator determination could not be made solely on the uncontested fact of the underlying conviction and reversed the trial court's determination that found the offender to be a sexual predator solely on the basis of the indictment, the verdict and his conviction. Then, citing to information contained in the trial transcript and the decision on direct appeal, the Wilson court remanded the case for further consideration of "all parts of the record available to the court." Id. at 4-5; see, also, State v.Ward, unreported at 15.
In this case, as in Wilson and Ward, the trial court determined appellant to be a sexual predator without sufficient evidence presented to demonstrate that he is likely to re-offend but failed to consider further evidence from the record. In this case the trial transcript and decision rendered on direct appeal may contain information relevant to the determination of appellant's status as sexual predator. As such, although the trial court may rely upon evidence from the trial to support its determination that an offender is a sexual predator, it must do so by considering all parts of the record available to it, including the trial transcript and decision rendered on appeal.
Further, the record demonstrates that appellant by written motion requested the court to appoint an expert psychologist or psychiatrist to evaluate him prior to his sexual predator hearing. At the hearing, the trial court denied appellant's request, thereby effectively precluding him from presenting evidence on his own behalf on the issue of whether he is "likely to engage in the future in one or more sexually oriented offenses."
Pursuant to Crim.R. 52 (B). this court may consider as plain error "* * * an obvious error which is prejudicial to an accused, although neither objected to nor affirmatively waived, which, if allowed to stand, would have a substantial adverse impact on the integrity of and public confidence in judicial proceedings." Statev. Craft (1977), 52 Ohio App.2d 1, 7.
R.C. 2950.09(B)(1) provides in pertinent part:
 * * * the court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time and location of the hearing. At the hearing the offender and the prosecutor shall have an opportunity to testify; present evidence, call and examine witnesses and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and if indigent to have counsel appointed to represent the offender. (Emphasis added.)
We see the statute as clear and unambiguous in its provision which mandates that the offender shall have the opportunity to testify; present evidence; and call, examine and cross-examine witnesses, including expert witnesses. Where, as here, the offender properly requests the court to permit him the opportunity to present evidence of expert witnesses as provided by this statutory provision but, then, he is denied the opportunity to do so by the trial court, we find that the trial court commits error in its conduct of the sexual predator adjudication hearing. R.C.2950.09(B)(1). Moreover, we find this obvious error so prejudicial to appellant that, if allowed to stand, it would create a substantial adverse impact on the integrity of and public confidence in these judicial proceedings.
Therefore, we find appellant's third assignment of error well taken and remand this matter for further consideration of "all parts of the record available to the court," including the trial transcript and decision rendered upon direct appeal. We further instruct the trial court to conduct appellant's adjudication hearing as contemplated by the legislature and codified in the statute which includes appellant's right to present and cross-examine evidence and present witnesses on his own behalf.
Judgment affirmed in part, reversed in part and remanded.
This cause is affirmed in part, reversed in part and remanded for further proceedings consistent with the opinion herein.
It is, therefore, considered that appellant recover from appellee said costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, JUDGE
PORTER, A.J. and DYKE, J., CONCUR.