DECISION AND JUDGMENT ENTRY
This is an appeal from a decision of the Wood County Court of Common Pleas, journalized on April 12, 2000, in which the court accepted guilty pleas tendered by appellant, Wesley Brown, to two counts of aggravated murder with firearm specifications, found appellant guilty of both charges and both specifications, and sentenced appellant to life with possibility of parole in twenty years for each count of aggravated murder, and to six years for each firearm specification and ordered the sentences to be served consecutively, for a total of fifty-two years in prison. Appellant has presented three assignments of error for consideration that are:
 "FIRST ASSIGNMENT OF ERROR THE TRIAL COURT, CONTRARY TO LAW, SENTENCED DEFENDANT-APPELLANT TO TWO PRISON TERMS OF SIX YEARS EACH FOR A SPECIFICATION DESCRIBED IN O.R.C. § 2941.144(A) WHEN PROVISIONS IN O.R.C. § 2929.14
PRECLUDE A COURT FROM IMPOSING MORE THAN ONE PRISON TERM ON AN OFFENDER FOR FELONIES COMMITTED AS PART OF THE SAME ACT OR TRANSACTION.
 "SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ORDERING SENTENCES TO BE SERVED CONSECUTIVELY IN THE ABSENCE OF ANY FINDING IN THE RECORD OF THE FACTORS ENUMERATED IN O.R.C. § 2929.14(E) AND AS REQUIRED BY O.R.C. § 2929.19(B)(2)(c).
 "THIRD ASSIGNMENT OF ERROR DEFENDANT-APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE CONSTITUTION OF THE STATE OF OHIO."
In support of his first assignment of error, appellant argues that the two aggravated murders to which he pleaded guilty were part of the same act or transaction. He then quotes the provisions of R.C. 2929.14(D)(1) and contends that the trial court could only sentence him to one six year term for the two firearm specifications. He says that the trial court erred when it imposed two six year terms for the two separate firearm specifications, and ordered that the terms be served consecutively.
Appellant says that the facts recounted by the prosecutor at the hearing where appellant tendered his guilty pleas show that appellant committed the first murder to retaliate for the victim's failure to adequately pay him for work he had done for the victim and that he committed the second murder to prevent the second victim from reporting the first murder to the police. He argues that he had no intention to commit two separate acts, "but only the sole purpose and objective of retaliation against his superiors."
Appellant further complains that the trial court failed to make any factual finding that the two murders were not part of a continuous transaction. Instead, the trial court just imposed two separate sentences for the two firearm specifications. Appellant argues that his trial counsel and the trial court "seemed unaware of the applicability of O.R.C. § 2929.14(D)(1)(b) to appellant's situation."
Finally, appellant argues that this "error" is not waived even though he did not object in the trial court to the imposition of consecutive sentences for the firearm specifications. He says that this error is plain error, and can be addressed for the first time on appeal.
Appellee, the state of Ohio, responds that the facts recounted at the plea hearing showed that the two murders were not part of one act or transaction. Appellee says the trial court did not err when it imposed consecutive sentences for the two firearm specifications.
We begin our analysis by noting that because no objection was made in the trial court concerning consecutive sentences for the two firearm specifications, the error was not preserved for appeal and cannot be considered if it does not rise to the level of plain error. See State v.Kirk (July 14, 1998), Franklin App. No. 97APA09-1247, unreported. A plain error is an:
 "Obvious error prejudicial to a defendant, neither objected to nor affirmatively waived by him, which involves a matter of great public interest having substantial adverse impact on the integrity of and the public's confidence in judicial proceedings. The error must be obvious on the records, palpable, and fundamental, and in addition it must occur in exceptional circumstances where the appellate court acts in the public interest because the error affects `the fairness, integrity or public reputation of judicial proceedings.'" State v. Craft (1977), 52 Ohio App.2d 1, 7, 367 N.E.2d 1221 (quoting United States v. Atkinson (1936), 297 U.S. 157, 160, 80 L.Ed. 555, 56 S.Ct. 391.
For the following reasons, we conclude that there is no plain error in this case.
R.C. 2929.14 provides, in pertinent part:
 "(D)(1)(a) Except as provided in division (D)(1)(d) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141 [2941.141.1], 2941.144 [2941.14.4], or 2941.145 [2941.14.5] of the Revised Code, the court shall impose on the offender one of the following prison terms:
 "(I) A prison term of six years if the specification is of the type described in section 2941.144
[2941.144.4] of the Revised Code that charges the offender with having a firearm that is an automatic firearm or that was equipped with a firearm muffler or silencer on or about the offender's person or under the offender's control while committing the felony;
"* * *
 "(b) If a court imposes a prison term on an offender under division (D)(1)(a) of this section, the prison term shall not be reduced pursuant to section 2929.20, section 2967.193 [2967.19.3], or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code. A court shall not impose more than one prison term on an offender under division (D)(1)(a) of this section for felonies committed as part of the same act or transaction."
Ohio courts have applied the following definition for "transaction" in relation to R.C. 2929.14: "`a series of continuous acts bound together by time, space and purpose, and directed toward a single objective.'" Statev. Kirk (July 14, 1998), Franklin App. No. 97APA09-1247, unreported (quoting State v. Wills (1994), 69 Ohio St.3d 690, 691).
The actions of appellant that led to the two charges and two specifications in question were described by the prosecutor at the plea hearing as follows:
 "The evidence would have shown that on Friday the 13th, which was in August 1999, in Lake Township, Wood County, Ohio the defendant was working for, I'll refer to him as Bob Patel, at his hotel there. And they had quite an ongoing relationship, with the defendant doing some repairs around the hotel, remodeling and such. That on or about the 12th and the 13th of August of last year they had a dispute over payment for some of the work that was done. And the defendant decided when he returned home to Fostoria to prepare for that next day, Friday the 13th, by selecting — this is the prior calculation and design element — from a selection of guns that his father owned of this particular weapon. In addition, he selected particular cartridges to go into that weapon. He prepared the weapon by hiding it in a guitar case. And also prepared methods in which he could silence that weapon as well as catch the brass that was ejected from the weapon when it was fired. All of that shows his intent, his prior calculation and desire and design, not to just take a weapon but to take a weapon and have it be fired and silenced and catch the brass that was ejected. He took it with him Friday the 13th when he went to the hotel.
 "There were further discussions or arguments — we don't know because we only have the defendant's side of the story — over payment. He went out to his truck, by his statement, and got the firearm out of the guitar case. And by his testimony, by his statement at that time, he wrapped the insulation under the barrel of the gun, used electrical tape to tape it to the barrel of the gun, and attached the plastic baggy to the ejection slot of the gun where the brass would be ejected so that hopefully it would be caught and not left at the scene as evidence.
 "He went back to the room where he knew Bob was and confronted him. And by his testimony there was further argument. The defendant claims the initial shot was accidently [sic] inflicted. He does admit that he did purposely cause the death of Bob by shooting him a final time, at least.
 "He hid Bob's body under the bed and collected his glasses, shoes, portable phone, and other items. He tried to clean up the room throwing those items in a dumpster which were later found. While he was in the process of covering up the first aggravated murder, Nick, the son, walked in and discovered what was going on and took off running. And the defendant stated he knew that Nick was going to go call the police. So he chased him down to the room where Nick went. Again he had the same story about there was an accidental shot at first, but admits that he finished him off purposely causing his death. In that statement, Your Honor, he also indicated where he had put the gun after the two aggravated murders and gave that information to the police where they did go and recover that firearm which is in the custody of the Bureau of Criminal Identification who is doing tests on that to this day.
 "Again, Your Honor, it would be our evidence that the defendant did purposely cause the deaths of both Nick and Bob Patel on Friday the 13th of August, last year. That he did that with a prior calculation and design. That he did that with the silenced firearm which was on [sic] his possession during the commission of those two offenses."
We agree with appellee that the trial court had a factual basis for concluding that the two murders were not part of the same act or transaction and that consecutive sentences for the two firearm specifications could be imposed. Appellant had clearly completed the first crime of aggravated murder and was in the process of covering up his crime when he was discovered by the second victim. He formed a separate intent to kill the second victim as evidenced by his pursuit of that victim to a different room in the hotel, where he shot and killed the second victim.
Accordingly, we do not find any plain error in regard to the imposition of consecutive sentences for the two firearm specifications. Appellant's first assignment of error is not well-taken.
In support of his second assignment of error, appellant argues that the trial court failed to comply with R.C. 2929.19(E) when the trial court did not make any findings that gave its reasons for ordering that he serve his sentences for aggravated murder consecutively. Appellant says the trial court did not make the findings at the sentencing hearing or in the journalized judgment entry containing the sentencing orders, that the findings are mandatory, and that this court should remand his case to the trial court for resentencing.
Appellee responds that pursuant to R.C. 2953.08(D), this court cannot review appeals relating to sentences imposed on offenders convicted of aggravated murder or murder.
This section states:
 "(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." (Emphasis added).
The trial court sentenced appellant Wesley Brown to life with the possibility of parole in twenty years for each count of aggravated murder, and to six years for each firearm specification and ordered the sentences to be served consecutively. Pursuant to R.C. 2953.08(D) we find that these sentences are not subject to review by this court and appellant's second assignment of error is not well-taken.
In support of his third assignment of error, appellant argues that he received ineffective assistance of counsel. He says his trial counsel was ineffective because his trial counsel did not object to the imposition of consecutive sentences for his firearm specifications. He again asserts the arguments that he raised in support of his first assignment of error to justify his contention that the specifications merged.
The Supreme Court of Ohio has ruled:
 "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, followed.)" State v. Bradley (1989), 42 Ohio St.3d 136, 137, paragraph two of the syllabus.
Even if we assume arguendo that the first part of the test was somehow met in this case, our rejection of appellant's argument in support of his first assignment of error shows that the second part of the test for ineffective assistance of counsel was not met in this case. Appellant's third assignment of error is not well-taken and is denied.
The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.