While I concur in affirming the convictions, I respectfully dissent regarding the sentence.
The sentence as set forth in the journal entry does not correspond exactly to the trial court's oral pronouncement. That is, the words to life are not contained in the journal entry. At the time of sentencing, the court properly ordered defendant to serve an indefinite term of fourteen years to life. In the subsequent journal entry, the court imposed a definite sentence of only fourteen years imprisonment. Revised Code 2971.03, however, requires an indefinite term of up-to-life imprisonment.
The court in State v. Doby (Nov. 6, 2000), Butler App. No. CA2000-02-021, unreported, recently faced a similar issue when the trial court imposed a sentence that was less than required by law (although neither party raised this particular argument as in the case at bar). The Doby court stated as follows:
 The sentencing discretion of a trial court in a criminal case is limited and circumscribed by parameters imposed by the legislature. State v. Beasley (1984), 14 Ohio St.3d 74, 75, 471 N.E.2d 774. It was not within the trial court's discretion to sentence appellant to less than the minimum allowable prison term for his trafficking in cocaine offense under Count 1. In addition, this error in sentencing rises to the level of plain error.
 Crim.R. 52(B). To not consider this error would clearly affect "the fairness, integrity or public reputation of judicial proceedings," State v. Craft (1977), 52 Ohio App.2d 1, 7, 367 N.E.2d 1221, as appellant would serve less than the required minimum prison term for his trafficking in cocaine offense under Count 1 in violation of R.C. 2929.14(A)(4). We therefore reverse the portion of the trial court's nunc pro tunc entry pertaining to appellant's sentence under Count 1 and remand the matter to the trial court with instructions to resentence appellant under Count 1.
The defendant was present at the original sentencing and thus should not be surprised by a correction of the journal entry. Therefore, I would reverse the sentence and remand for the imposition of a lawful sentence.