DECISION AND JUDGMENT ENTRY
This is an appeal from judgments of the Erie County Court of Common Pleas, Juvenile Division, adjudicating Darvius C. a delinquent child and ordering him to perform community service, to be on probation and to attend counseling and sex offender therapy. Because we find that there is no showing of ineffective assistance of counsel or of plain error, we affirm the judgment of the trial court.
This case began when a complaint was filed in the Erie County Court of Common Pleas, Juvenile Division, alleging that Darvius had committed the offense of gross sexual imposition, a violation of R.C. 2907.05(A)(4), against a ten year old female victim. Darvius denied the accusations, and a hearing was held before a magistrate to decide whether Darvius was a delinquent child.
At the hearing, the ten year old victim, her older brother and her mother all testified as witnesses called by the state. Darvius took the stand and testified on his own behalf. The pictures presented through the testimony of the state's witnesses and through the testimony of Darvius of events that took place on a playground in Sandusky, Ohio on August 29, 2000 between Darvius and the ten year old victim were dramatically different.
The magistrate found the testimony of the state's witnesses more credible. The magistrate therefore issued a decision with factual findings that Darvius had grabbed the victim's breast area and buttocks for the purpose of sexual gratification. The magistrate made the legal conclusion that Darvius's behavior met the elements of the crime of gross sexual imposition and ruled that Darvius is a delinquent child.
Darvius did not file any objections to the magistrate's decision, and the trial court adopted the decision in a subsequent judgment entry. After a dispositional hearing, the court ordered Darvius to perform community service, to be on probation, to attend counseling with his parents and to have sex offender therapy. Following the dispositional rulings, Darvius filed this appeal.
Darvius has presented two assignments of error for consideration on appeal. The two assignments of error are:
 "I. THE TRIAL COURT ERRED IN FINDING APPELLANT A DELINQUENT CHILD AS SAID DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE DECISION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
 "II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FOLLOWING THE ADJUDICATION IN THIS MATTER."
The state argues that Darvius cannot prevail on either assignment of error because the issues he now attempts to raise on appeal were waived. The state cites to Juv.R. 30(E)(3) which provides:
"(3) Objections
 "(a) Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the decision. If any party timely files objections, any other party also may file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ.R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
 "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may only object to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
The state says that Darvius's assignments of error both relate to the findings of fact and conclusions of law contained in the magistrate's decision that Darvius is a delinquent juvenile, so the arguments related to the assignments of error were waived for appeal.
Our own review of the record confirms that no objections were filed to the magistrate's decision in this case. Therefore, pursuant to Juv.R. 40(E)(3)(b), Darvius is precluded from directly challenging on appeal the trial court's adoption of the findings of fact and conclusions of law from the magistrate's decision. See, also, In the matter of: MasadiesW. (June 21, 1995), Allen App. No. 1-94-73, unreported. Accordingly, absent a showing of ineffective assistance of counsel or plain error, the arguments now presented by Darvius were waived for appeal.
Darvius has acknowledged, in his discussion of his second assignment of error: "According to Juvenile Rule 40, any issue raised on appeal must be objected to at the trial court level." He contends, however, that when his trial counsel failed to file objections to the magistrate's decision finding him delinquent, they rendered ineffective assistance of counsel. As to whether the outcome of his case would have been different if his counsel had filed the necessary objections, he says:
 "Appellant would assert that this requirement is met in that it is pure conjecture and guesswork to predict what the trial court would have done with Appellant's objections to the Magistrate's Decision. Therefore, in order to afford Appellant all opportunities provide him with the benefit of doubt, it must be presumed in this instance that the results would have been different."
The two-part test for ineffective assistance of counsel announced by the United States Supreme Court in Strickland v. Washington (1984),466 U.S. 668, 687, and adopted by the Supreme Court of Ohio as the standard to be used when considering a claim of ineffective assistance of counsel, State v. Bradley (1989), 42 Ohio St.3d 136, 137, has not been met in this case. The two-part test for ineffective assistance of counsel requires: (1) a showing that "counsel's performance was deficient"; and (2) a showing that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. at 687.
While Darvius has presented a convincing argument to show that the first part of the test was arguably met (i.e. that his trial counsel's performance was deficient because the failure to file objections to the magistrate's decision waived all arguments relating to the finding of delinquency for appeal) he has not presented any argument to show that the second part of the test for ineffective assistance of counsel was met in this case. He asks this court to presume that his case was prejudiced, rather than arguing facts or law to show that his case was in fact prejudiced. This court cannot make an assumption of prejudice.
To the extent that this court could construe Darvius's arguments in his first assignment of error, (that his conviction is not supported by the sufficiency of the evidence and that his conviction is against the manifest weight of the evidence), as an assertion that his case was prejudiced by his trial counsel's failure to object to the magistrate's decision, thereby meeting the second part of the test for ineffective assistance of counsel, we have reviewed the evidence in question. Darvius is correct when he asserts that there were discrepancies in the testimony of the ten year old victim and her older brother.
For instance, the brother testified to only one incident he saw of Darvius grabbing at the breast and buttocks regions of the ten year old victim. The victim testified to three separate incidents.
Darvius is also correct that his own testimony was in direct contrast to the testimony of the ten year old victim and her brother. When Darvius testified, he completely denied ever touching the ten year old, other than in self-defense to stop her from grabbing or kicking him in the groin area.
The magistrate was in the best position to judge the credibility of the witnesses. State v. Cord (Nov. 22, 2000), Summit App. No. 20057, unreported. This court will not reverse a credibility determination on appeal. If believed, the testimony of the brother regarding one incident that he witnessed of Darvius grabbing the victim's breast and buttocks areas, while pushing the victim against a pole on the playground and holding the victim's hands behind her back and the pole, was sufficient to meet the elements required to show gross sexual imposition. If believed, the testimony of the victim regarding two other incidents that would constitute gross sexual imposition were cumulative. The magistrate specified belief of the testimony given by the victim and the victim's brother, so the finding of delinquency was supported by the sufficiency of the evidence. See State v. Thompkins (1997), 78 Ohio St.3d 380,386-387.
Likewise, because the state's witnesses were judged credible, and because their testimony showed that all the elements of gross sexual imposition were met, the finding of delinquency in this case was not against the manifest weight of the evidence. Id. Accordingly, there is no showing of prejudice to Darvius's case caused by his trial counsel's failure to file objections to the magistrate's decision, and the test for ineffective assistance of counsel is not met in this case. In addition, there is no basis for this court to find plain error. See State v.Craft (1977), 52 Ohio App.2d 1, 7.
The first and second assignments of error are not well-taken. The judgment of the Erie County Court of Common Pleas, Juvenile Division, is affirmed. Darvius is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., and Mark L. Pietrykowski, P.J., CONCUR.