**The STATE of Ohio, Appellee,**

v.

**THOMAS, Appellant.** ▌

[Cite as *State v. Thomas* (1995), 107 Ohio App.3d 239.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 95CAA02008.

Decided Nov. 3, 1995.

*David M. Gormley,* Delaware County Assistant Prosecuting Attorney, for appellee.

*Samuel H. Shamansky,* for appellant.

WILLIAM B. HOFFMAN, Judge.

Defendant-appellant Neil B. Thomas appeals the judgment of the Court of Common Pleas of Delaware County convicting and sentencing him on two counts of aggravated trafficking pursuant to R.C. 2925.03(A)(6). Plaintiff-appellee is the state of Ohio.

On July 3, 1994, Officer Patrick Kellum of the Ohio State Highway Patrol ran a routine license plate check on a 1985 black Cadillac located at a rest area on I–71 South in Delaware, Ohio.[1] Officer Kellum testified that when he first noticed the 1985 Cadillac, appellant was sitting in the passenger seat of the vehicle.

Approximately ten minutes later, a radio dispatcher informed Officer Kellum that there was a "felony hit" on the 1985 black Cadillac noted above. Officer Kellum returned to the rest area, observed appellant at a nearby phone booth and called for backup. Once backup arrived at the rest area, the officers searched the grounds for appellant, who was no longer located at the phone booth. The officers found him in the restroom, sitting in a stall. At that time, appellant was fully clothed and not using the bathroom. The officers placed the appellant under arrest and impounded the Cadillac.

Once under arrest and in custody, appellant informed the officers that the Cadillac did not belong to him and identified Mary Walker as the driver of the vehicle. Appellant further stated that he did not have the keys to the Cadillac. Appellant's statement was consistent with events which had occurred earlier that evening. Prior to the appellant's arrest, Deputy Gilkerson of the Delaware County Sheriff's Department had arrested a Mary Walker on Dustin Road in Delaware, Ohio, not far from the I–71 rest area noted above. Walker was arrested for felony drug abuse when (1) Deputy Gilkerson observed that she was heavily intoxicated and showing signs of drug abuse, and (2) a search of her person revealed a crack pipe. At the time of her arrest, Walker informed Deputy Gilkerson that her car, a 1985 black Cadillac, was broken down at a nearby rest area. A set of car keys was also discovered on Walker's person.

Following appellant's arrest, the officers conducted an inventory search of the interior compartment of the Cadillac. The officers found several legal documents displaying the name Neil Thomas over the driver's side visor of the Cadillac.

After the vehicle was impounded, Detective Michael Askew, Deputy Gilkerson and Detective Lahmon of the Delaware County Sheriff's Department searched the trunk of the car pursuant to a search warrant. This search revealed one silver bag, sleeping bags, a white bag with a razor and toothbrush, several bottles of pills with a prescription made out to Clovis Jefferson, Jr., a box of syringes with the name Dennis William Thomas printed on it, and a black briefcase with a combination lock.

---

1. Officer Kellum testified that on the evening in question he was "file checking" cars at the rest area. File checking is a process whereby police officers randomly check license plates of cars parked in rest areas. The officer radios in the license plate number to an officer who then runs a check on the plate number in order to determine whether that particular car is reported stolen.

The officers forcibly opened the briefcase and searched its contents. Therein, the officers found a business card with the name Darryl P. Mitchell imprinted on it, a calculator, digital scales, a black wallet containing various photographs, an express mail envelope, a traffic citation with the name Neil Thomas written on it, several towels, and one bag containing cocaine and one bag containing heroin.[2] Subsequent fingerprint analysis of the items found in the briefcase matched appellant's fingerprints to those found on the business card and express mail envelope.

On July 12, 1994, appellant was indicted by the Grand Jury of Delaware County on two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(6). Appellant pled not guilty and waived his right to be tried by a jury.

On February 2, 1995, appellant tried his case to the Court of Common Pleas of Delaware County. Upon completion of the state's case and then again upon completion of the appellant's case, appellant made motions for acquittal pursuant to Crim.R. 29. The trial court overruled both of these motions, found appellant guilty on both counts of the indictment, and entered judgment on the verdicts.

That same day, the court sentenced appellant to serve five to twenty-five years in prison on each count of the indictment, each sentence to be served consecutively. Further, the court imposed a fine of $10,000 plus costs and suspended the appellant's driver's license for two and one-half years.

On February 27, 1995, appellant filed a notice of appeal, raising the following two assignments of error:

"I. The trial court erred and deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution by overruling appellant's motion for acquittal pursuant to Crim.R. 29, as the state failed to offer sufficient evidence to prove each and every element of the charged offenses beyond a reasonable doubt.

"II. Appellant's convictions were against the manifest weight of the evidence and thereby violated the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Ohio Constitution."

In *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court held that the same standard of review applies to challenges to both the weight and sufficiency of the evidence supporting a criminal conviction. *Id.* at 273, 574 N.E.2d at 503. Therefore, we will treat both of appellant's assignments of error together.

---

2. Darryl P. Mitchell served as co-counsel at the appellant's trial of the case *sub judice*.

 The standard of review for manifest-weight and sufficiency-of-the-evidence challenges is set forth in paragraph two of the syllabus of *Jenks, supra:*

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

The weight to be given the evidence introduced at trial and the credibility of the witnesses are primarily for the trier of fact to determine. *State v. Thomas* (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356, syllabus. Further, it is not the function of an appellate court to substitute its judgment for that of the factfinder. *Jenks, supra,* 61 Ohio St.3d at 279, 574 N.E.2d at 507.

In his assignments of error, appellant essentially argues that his convictions and sentences on two counts of violations of R.C. 2925.03(A)(6), the offense of aggravated trafficking, were not supported by sufficient evidence. We disagree.

 R.C. 2925.03(A)(6) provides that no person shall knowingly "[p]ossess a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an amount less than one hundred times that amount." The term "possession" is defined in R.C. 2925.01(L) as follows:

" 'Possess' or 'possession' means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

The term "premises" is not defined in R.C. Chapter 2925. Therefore, under traditional rules of statutory construction, we will construe this term according to its plain and ordinary meaning. *Youngstown Club v. Porterfield* (1970), 21 Ohio St.2d 83, 50 O.O.2d 198, 255 N.E.2d 262.

 Black's Law Dictionary (6 Ed.1990) 1181, defines the term "premises" as it is used in the criminal law context as follows:

"The term as used in a search warrant includes land, buildings, and appurtenances thereto."

Appellant argues that, even if it can be inferred that he owned the briefcase, his "possession" of the drugs cannot be inferred solely therefrom according to the express language of R.C. 2925.01(L). In making this argument, appellant mistakenly assumes that the "premises" in which the drugs were found is the briefcase.

■ Based upon the definition of the term "premises" set forth *supra,* we believe that appellant's argument is flawed. Items of personal property, such as the briefcase at issue herein, are not "premises" as that term is used in R.C. 2925.01(L). Consequently, appellant's argument that he did not "possess" the drugs on this ground is unpersuasive.

■ Interpreting the term "possession," Ohio courts have held that possession may be actual or constructive. See *State v. Wolery* (1976), 46 Ohio St.2d 316, 329, 75 O.O.2d 366, 373–374, 348 N.E.2d 351, 360–361; *State v. Hankerson* (1982), 70 Ohio St.2d 87, 90–91, 24 O.O.3d 155, 157–158, 434 N.E.2d 1362, 1364–1366; *State v. Boyd* (1989), 63 Ohio App.3d 790, 580 N.E.2d 443. To establish constructive possession, the state must prove that the defendant was able to exercise dominion or control over the object, even though that object may not be within his immediate physical possession. *Id.* at 796, 580 N.E.2d at 446–447. Further, it must also be shown that the person was "conscious of the presence of the object." *Hankerson, supra,* at 91, 24 O.O.3d at 157, 434 N.E.2d at 1365.

■ We find that there was sufficient evidence submitted at trial to support the trial court's finding that appellant constructively possessed the illegal drugs found in the briefcase. Constructive possession requires the *ability* to exercise dominion or control over the object at issue. *Boyd, supra,* 63 Ohio App.3d at 796, 580 N.E.2d at 446–447. We find that appellant had the ability to exercise dominion or control over the drugs because he owned the briefcase in which the drugs were found.

The record reflects that the officers found, within the briefcase, evidence linked to the appellant by its personal nature, *i.e.,* the traffic citation with appellant's name written on it. Further, the evidence submitted at trial demonstrates that the appellant's fingerprints were found on several items within the briefcase, *i.e.,* the business card and the express mail envelope. We find that this evidence sufficiently supports the finding that the appellant owned the briefcase in which the drugs were found. We further find that the appellant's ownership of the briefcase necessarily demonstrates the appellant's ability to exercise dominion or control over that briefcase as well as the items located in the briefcase, including the illegal drugs.

However, this does not end the analysis. The Ohio Supreme Court also held that possession of an object must be "conscious," *i.e.,* a defendant must have knowledge of the thing or substance which he is alleged to have possessed. *Hankerson, supra,* 70 Ohio St.2d at 91, 24 O.O.3d at 157–158, 434 N.E.2d at 1365–1366. Further, R.C. 2925.03(A)(6) requires that a defendant "knowingly" possess the illegal drugs in order to be guilty of aggravated trafficking. We find that the evidence submitted at trial that the appellant hid in the restroom stall from the

officers is sufficient to support an inference that appellant had knowledge of the illegal drugs and, therefore, knowingly possessed the drugs.

Because we find that the evidence supports a finding that appellant constructively possessed the illegal drugs, we further find that there is sufficient evidence to support the appellant's conviction and sentence on two counts of aggravated trafficking in violation of R.C. 2925.03(A)(6). Accordingly, we overrule the appellant's two assignments of error and affirm the judgment below.

*Judgment affirmed.*

GWIN, P.J., and JOHN W. WISE, J., concur.