OPINION
Defendant-appellant, Robert B. Crane, appeals his conviction entered upon a jury verdict in the Butler County Court of Common Pleas for possession of a controlled substance and drug paraphernalia. We affirm.
On May 16, 1996, Hamilton police went to appellant's residence in Hamilton, Ohio, to execute a search warrant for his residence. The police knocked on the door and announced "Police." After there was no response for approximately ten to twelve seconds, the officers used a battering ram to force open the door. Upon entering appellant's residence, the officers observed appellant leaving the bedroom and heading to the bathroom. Two officers tried to subdue appellant, but appellant, still attempting to enter the bathroom, resisted. A third officer helped force appellant to the floor and handcuff him. Appellant was subdued approximately ten feet from the kitchen. No drugs were found on appellant's person. The residence was described by one of the officers as "small."
In the kitchen, the officers found cocaine, a pocket knife, two plastic baggies, and a crack pipe. The knife and pipe tested positive for cocaine residue. A large piece of copper stuffing called a "chore boy" was found in the bathroom. The copper stuffing is commonly used in pipes to smoke crack cocaine. The copper stuffing also tested positive for cocaine residue.
A jury found appellant guilty of the charges of violating R.C.2925.11(A) (possession of controlled substance) and 2925.14(C)(1) (possession of drug paraphernalia). Appellant was fined $2,500 and sentenced to one and a half years in prison. Appellant presents three assignments of error.
Appellant's first assignment of error:
 APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS WAS DENIED WHEN HE WAS CONVICTED OF VIOLATING R.C. 2925.11(A) AND 2925.14(C)(1) ON EVIDENCE WHICH WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE CONVICTION.
The function of an appellate court when reviewing the sufficiency of the evidence underlying a criminal conviction is to examine the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus; State v. Hauck (June 16, 1997), Brown App. No. CA96-08-016, unreported. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, paragraph two of syllabus.
Appellant argues that there was insufficient evidence to show that he violated R.C. 2925.11(A) and R.C. 2925.14(C)(1). R.C.2925.11(A) reads "No person shall knowingly obtain, possess, or use a controlled substance" and 2925.14(C)(1) reads "No person shall knowingly use, or possess with purpose to use, drug paraphernalia."
"Possession" can either be actual or constructive. State v. Wolery (1976), 46 Ohio St.2d 316, 329. "To establish constructive possession, the state must prove that the defendant was able to exercise dominion or control over the object, even though that object may not be within his immediate physical possession." State v. Thomas (1995), 107 Ohio App.3d 239, 244. The state must also show that the person was conscious of the presence of the object. Id. Dominion and control can be proven by circumstantial evidence alone. State v. Scalmato (Mar. 20, 1997), Cuyahoga App. No. 70822, unreported, at 8.
The evidence presented in this case included cocaine found in appellant's kitchen, a knife and a crack pipe found in the kitchen with cocaine residue, and copper stuffing found in the bathroom with cocaine residue. Considering that 1) these items were found in appellant's house, 2) that appellant was apprehended in close proximity of the items, and 3) the actions of appellant trying to get to the bathroom, we find that there was sufficient evidence for a rational trier of fact to find beyond reasonable doubt that appellant possessed drugs and drug paraphernalia. Appellant's first assignment of error is overruled.
Appellant's second assignment of error:
 THE TRIAL COURT ERRED IN GIVING THE JURY INSTRUCTION AS TO POSSESSION IN A DRUG CASE.
Appellant complains that the trial court improperly instructed the jury on the definition of "possession." The instruction given by the trial court was as follows:
 A person has possession when he knows that he has the object on or about his person, property, or places it where it is accessible to his use or direction and he has the ability to direct or control its use. Two or more persons may have possession if together they have the ability to control it, exclusive of others. Ownership is not necessary. A person may possess or control property belonging to another. Possess means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance though ownership or occupation of the premises upon which the thing or substance is found.
When determining if there were errors in a jury instruction, "a reviewing court must consider the jury charge as a whole and `must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights.'" Kokitka v. Ford Motor Co. (1995), 73 Ohio St.3d 89,93, quoting Becker v. Lake Cty. Mem. Hosp. W. (1990),53 Ohio St.3d 202, 208.
The trial court's jury instructions were almost a direct quote of Ohio Jury Instructions (1993), Criminal, Section 409.50(2-5). Other courts have held that these instructions are appropriate for drug possession violations. State v. Mann (1993), 93 Ohio App.3d 301,308; State v. Payne (Oct. 20, 1994), Cuyahoga App. No. 66214, unreported, fn. 1. Having reviewed the trial court's jury instructions, we find that they did not mislead the jury in a matter materially affecting appellant's substantial rights. Accordingly, appellant's second assignment of error is overruled.
Appellant's third assignment of error:
 APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT HIS TRIAL.
Appellant argues that he was denied effective assistance of counsel because counsel failed to object to the introduction of evidence regarding prior bad acts. Appellant also claims that he was not allowed by counsel to testify at the trial.
Reversal of a conviction or sentence based upon ineffective assistance requires 1) deficient performance: errors so serious that counsel was not functioning as counsel as guaranteed by the Sixth Amendment of the Constitution, and 2) prejudice: errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. State v. Ballew (1996), 76 Ohio St.3d 244,255, following Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." State v. Loza (1994), 71 Ohio St.3d 61, 83.
Questions involving the effectiveness of counsel should be viewed in light of the weight of the evidence against the defendant. State v. Hill (1996), 75 Ohio St.3d 195, 211-12. The proper standard in showing prejudice, is that "appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Wu (May 27, 1997), Butler App. No. CA96-08-161, unreported, at 4.
Appellant argues that his counsel was ineffective because he failed to object to a police detective's testimony. The detective testified how the state obtained a search warrant for appellant's house. He testified that:
 We had obtained complaints that there was drug trafficking from that house and we had an informant who went into the house on two different occasions and made a purchase of crack cocaine out of the house.
Considering the weight of the evidence against appellant, appellant has not shown how the detective's statement so prejudiced him that the results of the trial would have been different.
Appellant also alleges that he was not permitted by his counsel to testify at trial. Trial tactics that are debatable generally do not constitute a deprivation of effective counsel. State v. Phillips (1995), 74 Ohio St.3d 72, 85. If appellant had testified, the prosecution could have presented evidence of appellant's prior convictions. Evid.R. 609(A)(3). Appellant had previously violated R.C. 2913.02(A)(1) (petty theft), and R.C.2913.51 (receiving stolen property), which offenses could have been used to impeach appellant. Middleburg Hts. v. Theiss (1985),28 Ohio App.3d 1; State v. Taliaferro (1981), 2 Ohio App.3d 405. Appellant's counsel may have made a tactical decision to not have appellant testify to avoid impeachment by evidence of prior criminal convictions. The use of such a trial tactic does not constitute ineffective assistance of counsel. Appellant's third assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.