OPINION
Defendant-appellant, Mark Weckner, appeals his conviction in the Brown County Court of Common Pleas for aggravated possession of drugs and illegal manufacture of drugs. We affirm the decision of the trial court.
On June 23, 2000, Lieutenant John Fetters of the Brown County Sheriff's department noticed a suspicious vehicle. Lt. Fetters ran the information on the rear license plate and was informed that the person to whom the plate was registered had an outstanding warrant. Lt. Fetters pulled the vehicle over. At that time, appellant was in the front passenger seat of the vehicle and his girlfriend was in the backseat. Lt. Fetters determined that the driver, Joseph Snider, was not the person to whom the plate was registered, but that Snider was driving under a suspension. Lt. Fetters placed Snider in the police car while he verified the information he had been given.
While Lt. Fetters was placing Snider in the police car, appellant and his girlfriend exited the vehicle. Both got back into the car after Lt. Fetters told them to do so. Appellant and his girlfriend again got out of the vehicle and Lt. Fetters heard appellant exclaim, "oh shit" at the same time he heard a small explosion. Lt. Fetters turned around and saw a fire in the backseat of the vehicle. As Lt. Fetters got a fire extinguisher and started to put out the fire, appellant told Lt. Fetters to get away from the vehicle because it was going to blow up. While attempting to extinguish the fire, Lt. Fetters noticed a black nylon bag and a handgun on the back floorboard. He also noticed the smell of ether. A search of the car revealed a plastic gas can, coffee filters, drain cleaner, plastic bottle with a hose taped to it, glass mason jars with substances in them, rubber gloves, batteries, starter fluid, Drain-o, salt and a plastic milk crate filled with mason jars. Lt. Fetters suspected that the items were a portable methamphetamine lab. No one in the vehicle acknowledged ownership of the items.
After an investigation, appellant was arrested and charged with one count of aggravated possession of methamphetamines in violation of R.C.2925.11(A) and one count of manufacturing methamphetamines in violation of R.C. 2925.04(A). A trial was held on March 14 and 15, 2001. A jury found appellant guilty on both counts. Appellant now appeals his convictions and raises the following single assignment of error:
 THE CONVICTION OF DEFENDANT-APPELLANT WECKNER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the fact-finder's resolution of any conflicting testimony. Statev. Thompkins (1997), 78 Ohio St.3d 380, 389. The standard for reversal of a verdict that is against the manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Thompkins at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant argues that the state did not prove that he had possession of the drugs or that he was involved in the manufacture of the methamphetamine. He argues that no evidence links him to the drugs or the lab components that were found.
The Ohio Revised Code defines possession as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). "`Manufacture'" means to plant, cultivate, harvest, process, make, prepare, or otherwise engage in any part of the production of a drug, by propagation, extraction, chemical synthesis, or compounding, or any combination of the same, and includes packaging, repackaging, labeling, and other activities incident to production." R.C. 2925.01(J).
"Possession" can either be actual or constructive. State v. Wolery
(1976), 46 Ohio St.2d 316, 329; State v. Scalf (1998), 126 Ohio App.3d 614,619. A person has constructive possession of an object when he is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within his immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus; Statev. Thomas (1995), 107 Ohio App.3d 239, 244. Dominion and control can be proven by circumstantial evidence alone. State v. Scalmato (Mar. 20, 1997), Cuyahoga App. No. 70822, unreported; see, also, State v. Jenks
(1991), 61 Ohio St.3d 259, 272.
Readily usable drugs in close proximity of an accused may constitute sufficient and direct circumstantial evidence to support a finding of constructive possession. State v. Pruitt (1984), 18 Ohio App.3d 50, 58;Hamilton v. Barnett (Aug. 3, 1998), Butler App. No. CA97-11-222, unreported. The same reasoning applies to the discovery of other contraband in close proximity to the defendant. State v. Williams (Dec. 7, 2000), Cuyahoga App. No. 76816, unreported. In addition, two or more persons may have possession of an object together is they have the ability to control it, exclusive of others. State v. Crane (July 7, 1997), Butler App. No. CA96-12-257, unreported.
The evidence before the jury included the fact that appellant was a passenger in a vehicle that contained the ingredients and tools necessary to manufacture methamphetamines. In addition, inside the vehicle were several mason jars containing methamphetamines in varying stages of manufacture, including some jars containing a completed product. Testimony at trial revealed that this vehicle was seen near appellant's residence on several occasions. Appellant's comments at the time of the small explosion and fire, including his warning to Lt. Fetters that the car was going to blow up, are evidence of an awareness of the contents of the vehicle.
Considering this evidence, we can not find that the jury clearly lost its way by finding appellant guilty of both possession and manufacture of methamphetamines. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.