OPINION
{¶ 1} Defendant-appellant, Christin Gaefe, appeals her conviction in the Clinton County Court of Common Pleas for possession of drug paraphernalia, a violation of R.C. 2925.14. For the reasons that follow, we affirm the conviction.
 {¶ 2} On April 30, 2001, appellant was stopped by Ohio State Highway Patrol Trooper Jay Garrett, who observed appellant driving in excess of the posted speed limit. Appellant was traveling alone. Trooper Garrett requested appellant's automobile registration, driver's license and proof of insurance. When appellant opened her glove box to retrieve her registration, Trooper Garrett observed a marijuana pipe in the glove box, in plain view. Appellant was surprised to see the pipe in the glove box and indicated to Trooper Garrett that it likely belonged to her boyfriend, Shane Nicholson. Trooper Garrett seized the marijuana pipe and appellant was issued citations for possession of drug paraphernalia and speeding. The marijuana pipe was subsequently sent for laboratory testing at the Ohio State Highway Patrol Crime Lab and was found to contain marijuana residue.
 {¶ 3} The matter proceeded to trial. Trooper Garrett testified that appellant seemed surprised when he pointed out the marijuana pipe to her. Appellant testified that she had no knowledge that the marijuana pipe was in her vehicle, although she did know that Nicholson owned and used marijuana pipes, and that he had used her vehicle. Nicholson testified that he had placed the marijuana pipe in the glove box the day before appellant was stopped by Trooper Garrett when he was using appellant's automobile. Nicholson testified that appellant was not with him when he placed the marijuana pipe, which belonged to a friend, in the glove box. He subsequently forgot about the pipe and did not inform appellant of its presence.
 {¶ 4} The trial court found that appellant exercised constructive control over the marijuana pipe and found appellant guilty of the possession of drug paraphernalia charge. Appellant appeals, raising a single assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN REFUSING TO GRANT THE MOTION FOR ACQUITTAL, AND FURTHER IN ENTERING A FINDING OF GUILTY, SAID FINDING NOT BEING SUPPORTED BY SUFFICIENT EVIDENCE, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} Appellant first argues that the trial court erred by denying her Crim.R. 29(A) motion for acquittal, made at the close of the state's case. She contends that the state presented insufficient evidence to support a conviction.
 {¶ 7} Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Bridgeman
(1978), 55 Ohio St.2d 415, syllabus. The function of an appellate court when reviewing the sufficiency of the evidence underlying a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Upon viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 8} Appellant was convicted of possession of drug paraphernalia, a violation of R.C. 2925.14(C). Pursuant to that statute, the state had the burden of proving that appellant used drug paraphernalia or possessed drug paraphernalia "with purpose to use." Appellant contends that the state failed to present evidence sufficient to support the conclusion, beyond a reasonable doubt, that she possessed the marijuana pipe with the intent to use it.
 {¶ 9} "Possession" is defined by R.C. 2925.01(K) as "having control over a thing or substance, but [possession] may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession can be either actual or constructive. State v. Wolery
(1976), 46 Ohio St.2d 316, 329. Constructive possession exists when one is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within his immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus; Statev. Thomas (1995), 107 Ohio App.3d 239.
 {¶ 10} Dominion and control can be proven by circumstantial evidence alone. See State v. Hooks (Sept. 18, 2000), Warren App. No. CA2001-01-006 at 8, citing State v. Pruitt (1984), 18 Ohio App.3d 50,58; see, also, State v. Scalmato (Mar. 20, 1997), Cuyahoga App. No. 70822. Although mere presence in the vicinity of drug paraphernalia does not prove dominion and control, readily accessible drug paraphernalia in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession. See Hooks at 9; see, e.g., State v. Scalf (1998), 126 Ohio App.3d 614, 620.
 {¶ 11} In particular, constructive possession may exist where drugs or drug paraphernalia are found within an automobile, within ready access of the driver. See State v. Morehouse (Oct. 19, 1989), Cuyahoga App. No. 56031; State v. Scott (Mar. 23, 1989), Cuyahoga App. No. 55114; accord, Hooks (constructive possession exists where drugs are found concealed in apartment defendant shared with another). Even though the drug paraphernalia may be hidden, it may be inferred that the defendant was able to exercise dominion and control over the paraphernalia when it is easily accessible. See Hooks at 9; Scalf, 126 Ohio App.3d at 620.
 {¶ 12} In the present matter, the state produced evidence of a marijuana pipe, found in the glove box of an automobile owned by appellant. Appellant was the sole occupant of the vehicle when the pipe was discovered by Trooper Garrett. In accord with the authority cited above, we find that there was sufficient evidence for a rational trier of fact to find beyond reasonable doubt that appellant exercised dominion and control over the drug paraphernalia.
 {¶ 13} R.C. 2925.14(C)(1) also requires the state to prove that appellant intended to use the paraphernalia to ingest illegal drugs. Where a statute provides that an offense consists of an act committed with a specific intent, the mere doing of the act raises no presumption of a specific intent and such intent, as well as the act, must be pleaded and proved. See State v. Dell (July 31, 2000), Butler App. Nos. CA99-06-102, CA99-07-118 at 9. Thus, the evidence presented by the state must demonstrate that appellant knowingly possessed the marijuana pipe with the purpose or intention of using it to ingest illegal drugs. See id.; State v. Foster (Feb. 25, 2000), Montgomery App. No. 17860.
 {¶ 14} Purpose or intent ordinarily must be established from reasonable inferences drawn from other proven facts and circumstances in the case, that is, by circumstantial evidence. Dell at 8, citing Statev. Smith (Jan. 7, 1994), Clark App. No. 3013. The fact that a defendant charged with possession of drug paraphernalia is in possession of a marijuana pipe containing marijuana residue is circumstantial evidence that supports the fact-finder's reasonable inference that the possession of the marijuana pipe was with purpose to use it. See Dell at 9, citingState v. Foster (Feb. 25, 2000), Montgomery App. No. 17860.
 {¶ 15} In the present matter, the trier of fact could have found from the evidence presented that appellant had the requisite intent to use the marijuana pipe beyond a reasonable doubt. The marijuana pipe contained residue that laboratory analysis identified as marijuana. From this evidence alone, the fact-finder could have inferred appellant's intent to use the pipe beyond a reasonable doubt. Id.
 {¶ 16} Viewing the evidence in a light most favorable to prosecution, we conclude that a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. We therefore find that the trial court did not err by overruling appellant's Crim.R. 29 motion for acquittal and likewise conclude that the conviction is supported by sufficient evidence.
 {¶ 17} Appellant further argues that the conviction is contrary to the manifest weight of the evidence. In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. When reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. Thomas (1982),70 Ohio St.2d 79, syllabus; State v. DeHass (1967) 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 18} As outlined above, the state presented evidence that appellant was stopped for a traffic violation and a marijuana pipe was observed in plain view by Trooper Garrett. The pipe was tested and found to contain marijuana residue. Appellant was the owner of the automobile and its sole occupant at the time of the stop. In her defense, appellant presented testimony that she did not know that the marijuana pipe was in her car, and that it was placed there by Nicholson without her knowledge.
 {¶ 19} We are mindful that the trial court, as trier of fact, was in the best position to judge witness credibility and determine the appropriate weight to be given the evidence. Thomas, 70 Ohio St.2d at syllabus. While appellant and Nicholson both attempted to explain away the presence of the marijuana pipe, it is apparent that the trial court did not give this testimony considerable weight, but rather believed that appellant exercised constructive possession of the marijuana pipe with the intent to use it.
 {¶ 20} Reviewing the record before us, we conclude that the trial court did not clearly lose its way, creating such a manifest miscarriage of justice that the conviction must be overturned. Appellant's conviction for possession of drug paraphernalia is supported by the manifest weight of the evidence. Accordingly, the assignment of error is overruled.
 {¶ 21} Judgment affirmed.
POWELL and YOUNG, JJ., concur.