OPINION
{¶ 1} Defendant-appellant Craig McDermott appeals his sentence and convictions for possession of cocaine and illegal use for possession of drug paraphernalia entered by the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Approximately 1:35 a.m. on November 11, 2001, Canton Police Officers Mike Talkinton and Lamar Sharpe were patrolling the area of Warner S.E. and Howenstein Circle. Howenstein dead ends into a fenced off business and there is no parking in the area. The area had been the subject of complaints of people loitering to do drugs and to engage in prostitution.
 {¶ 3} The officers noticed a blue pickup truck parked at the end of the street, perpendicular to the end of the road. The officers spot-lighted the area and observed two men standing outside the truck on the passenger side, facing the passenger side. The passenger side door of the truck was open. After noticing the officers approach, the two men turned, quickly looked at the officers and quickly went back to what they were doing. Appellant was one of the two men and was closest to the front passenger side door of the truck. At no time did the officers observe appellant in the vehicle.
 {¶ 4} The other man, Michael Jackson, stood next to appellant. Officer Sharpe approached Jackson and talked to him. Jackson produced loose rocks of crack cocaine from his front pocket. Officer Sharpe then arrested Jackson.
 {¶ 5} Officer Talkinton then approached appellant. Officer Talkinton noticed a rock of crack cocaine on the truck's dashboard immediately in front of the passenger's seat. Officer Talkinton handcuffed appellant and backed him away from the car. Officer Talkinton performed a pat-down of appellant, but found no drugs or paraphernalia on him. While performing the search, he noticed a crack cocaine pipe on the truck floor between the passenger door and the passenger seat. Laboratory analysis confirmed the substance on the dashboard was crack cocaine and the pipe on the truck floor contained traces of crack cocaine residue.
 {¶ 6} Appellant was indicted on possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree, and illegal use or possession of drug paraphernalia, in violation of R.C.2925.14(C)(1), a misdemeanor of the fourth degree.
 {¶ 7} A jury trial on the charges commenced January 30, 2002. The appellee moved to amend the indictment to add aiding and abetting language to both charges. The motion was granted. Following the presentation of evidence, closing arguments and instructions by the court, a jury returned a verdict of guilty on both charges. Via Sentencing Entry filed March 1, 2002, appellant was ordered to serve 12 months incarceration on the felony charge, and 180 days in the Stark County Jail on the misdemeanor charge. The sentences were ordered to be served concurrently. In addition, appellant's driver's license was suspended for 5 years.
 {¶ 8} It is from the March 1, 2002 Judgment Entry appellant prosecutes this appeal, assigning as error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE WITHOUT COMPLYING WITH THE STATUTORY CRITERIA OR MAKING THE REQUISITE FINDINGS.
 {¶ 10} "II. APPELLANT'S CONVICTION FOR POSSESSION OF COCAINE AND ILLEGAL USE OR POSSESSION OF DRUG PARAPHERNALIA WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 11} "III. APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL."
 II. {¶ 12} We address this assignment of error first as we find its resolution is dispositive of appellant's appeal.[1]
 {¶ 13} In his second assignment of error the appellant asserts his convictions were against the manifest weight and sufficiency of the evidence.
 {¶ 14} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus.
 {¶ 15} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541 citing State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, syllabus 1, 227 N.E.2d 212.
 {¶ 16} In order for a defendant to preserve the right to appeal the sufficiency of evidence upon which his conviction is based, he must timely file a Crim.R. 29 motion for acquittal with the trial court. Statev. Liggins (Aug. 18, 1999), Summit App. No. 19362, unreported, at 3. See, also, State v. Roe (1989), 41 Ohio St.3d 18, 25, 535 N.E.2d 1351. Therefore, if a defendant fails to make a Crim.R. 29 motion, he waives any challenge to the sufficiency of evidence on appeal. Id.
 {¶ 17} After a careful review of the record, we find appellant did not make a motion for acquittal at the trial court level. Accordingly, appellant has waived any objection to the sufficiency of the evidence and we will not consider that portion of appellant's second assignment of error.
 {¶ 18} We now turn our attention to appellant's claim his convictions were against the manifest weight of the evidence. We agree with appellant's contention.
 {¶ 19} Possession is defined in R.C. 2925.01(K). The statute provides:
 {¶ 20} "Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 21} Ohio courts have held that possession may be actual or constructive. See State v. Wolery (1976), 46 Ohio St.2d 316, 329. Statev. Hankerson (1982), 70 Ohio St.2d 87, 90-91; State v. Boyd (1989),63 Ohio App.3d 790. To establish constructive possession, the state must prove that the defendant was able to exercise dominion or control over the object, even though that object may not be within his immediate physical possession. Id. at 796. Further, it must also be shown that the person was "conscious of the presence of the object." Hankerson, supra, at 91.
 {¶ 22} The Ohio Supreme Court also held that possession of an object must be "conscious," i.e., a defendant must have knowledge of the thing or substance which he is alleged to have possessed. Hankerson, supra, 70 Ohio St.2d at 91. Further, R.C. 2925.03(A)(6) requires that a defendant "knowingly" possess the illegal drugs in order to be guilty of aggravated trafficking.
 {¶ 23} In State v. Thomas (1995), 107 Ohio App.3d 239, this court considered whether an individual could be in possession of drugs when the drugs were found in a locked briefcase found in the trunk of a car in which the defendant had been a passenger. The evidence at trial demonstrated the defendant's finger prints were on the bags of drugs, two letters and a business card found in the locked brief case. A traffic ticket with the defendant's name on it was also found in the briefcase.
 {¶ 24} On appeal, the defendant argued there was insufficient evidence to conclude he "possessed" the drugs in the briefcase pursuant to R.C. 2925.01(L)[2]. Id. at 243. We disagreed finding there was both sufficient and competent credible evidence to demonstrate appellant therein had constructively possessed the drugs because appellant owned the briefcase in which the drugs were found, and because other evidence in the briefcase linked appellant to the briefcase. Id. at 244. Further, we found the evidence appellant tried to evade police by hiding in a bathroom stall was sufficient to support an inference appellant had knowledge of the illegal drugs and, therefore, knowingly possessed the drugs. Id. at 244-245.
 {¶ 25} This case differs from Thomas in a number of respects. First, there is no evidence appellant was ever a passenger in the car in which the drugs and drug paraphernalia was found. There was also no evidence the car belonged to appellant or contained any other items belonging to appellant. While appellant may have had a physical proximity to the vehicle, there was no evidence he could exercise dominion or control over the offending items contained in a car over which he had no dominion or control. Certainly, we do not find an individual as a matter of law has dominion and control over a vehicle and its contents merely by standing in its vicinity.
 {¶ 26} Further, while Officer Talkinton did notice a rock of crack cocaine on the dashboard of the vehicle and subsequently found a pipe containing traces of crack cocaine on the floor of the vehicle, there was no evidence connecting appellant with the vehicle or crack cocaine. In fact, after the pat-down search, the officer found no crack cocaine on appellant's person.
 {¶ 27} Moreover, there is no evidence of "knowing possession." Unlike Thomas, appellant herein did nothing unusual or suspect upon the arrival of the police. Instead, he simply stood and carried on his business.
 {¶ 28} In light of these facts, we cannot find competent credible evidence existed from which the jury could determine appellant was in possession of either the drugs or the drug paraphernalia. Because the above referenced evidence weighs heavily against the judgment, we find we must exercise our discretionary power to grant a new trial.
 {¶ 29} Appellant's second assignment of error is sustained.
 I, III {¶ 30} In light of our disposition of appellant's second assignment of error, appellant's first and third assignments of error are moot.
 {¶ 31} The March 1, 2002 Judgment Entry of the Stark County Court of Common Pleas is reversed. This matter is remanded to the trial court for a new trial.
By: Hoffman, P.J., Farmer, J. and Edwards, J. concur.
topic: verdict against mwe; poss of cocaine paraphernalia.
[1] We do recognize the trial court's sentence on the misdemeanor charge exceeded the maximum penalty allowed by law for violation of that statute.
[2] R.C. 2925.01 has been amended fifteen times since Thomas was published. The current definition of "possession" is contained in R.C.2925.01(K). Although the sub-section has changed, the definition of "possession" is the same as the definition analyzed by the Thomas court.